### CLEVE. ELECT. ILLUM. CO. v. MERRYWEATHER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8588. Decided May 21, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**626. INDEPENDENT CONTRACTORS.**

One who hires person to do wrongful act, which is basis of action, cannot escape liability on ground that party so hired is independent contractor.

**753. MEASURE OF DAMAGES.**

In action for damages for injury to tree, measure of damages is difference between value of estate before such injury, and value of estate thereafter.

**480. EVIDENCE.**

In action for damages, for wrongful injury to tree, petition should be made to conform to correct measure of damages and injury complained of should refer not to tree, but to estate. Court having charged that measure of damages is injury to estate, admission of testimony of expert as to replacement value of tree, constitutes reversible error.

Error to Common Pleas.

Judgment reversed.

Squire, Sanders & Dempsey, Cleveland, for Illum. Co.

Spring & Sayre, Cleveland, for Merryweather.

### FULL TEXT.

LEVINE, J.

Defendant in error sued The Cleveland Electric Illuminating Company in the Common Pleas Court for damages sustained by reason of the cutting off of an elm tree located on her estate in Gates Mills in a ravine. The jury returned a verdict in favor of the defendant in error in the sum of One Thousand Dollars.

The first contention of plaintiff in error is that it is not responsible for the wrongful trimming of the elm tree, because the work was done by a partnership known as Nelson and Kuemmerling, an independent contractor, with no control or supervision by the plaintiff in error. With this contention we do not agree, for the reason that, even conceding that Nelson and Kuemmerling were an independent contractor, it would not and could not excuse the plaintiff in error if it hired this partnership to do the very wrongful act which is the basis of this action.

The contention of plaintiff in error that the proper measure of damages was not established by the evidence deserves serious consideration. A reading of the petition would lead to the conclusion that the suit was predicated not upon injury to the property because of the injury to the tree, but instead upon the injury to the tree itself.

It is conceded in argument that the injury to the tree, without reference to the property upon which it stood, is not the proper measure of damages. The court in its charge gave the proper measure of damages as being the difference between the value of the estate before the injury to the tree and the value of the estate after the injury was committed. The evidence however, which was offered to substantiate the allegations of the petition, was upon a theory entirely different from that contained in the court's charge. As against objection, the court permitted defendant in error to offer evidence as to the replacement value of the tree. In view of the court's charge as to the measure of damages which was the correct measure of damages, this evidence of the replacement value was clearly incompetent.

It is claimed that Mr. Merryweather gave evidence showing the difference in the value of the estate before the injury to the tree and the value of the estate after the injury to the tree which would furnish a basis for the measure of damages charged by the court, but if that be true, then, error was clearly committed in permitting the tree experts to testify as to the replacement value of the tree.

In our opinion, to promote the ends of justice, the judgment of the Common Pleas Court should be reversed and the case be remanded for further proceedings. It may not be amiss to state that the petition should be made to conform to the correct measure of damages and the injury complained of should refer not to the tree but to the estate owned by plaintiff in error and damaged by the injury to the tree.

Likewise the evidence offered to substantiate the allegations of the petition should refer to the difference in value of the estate before the injury to the tree and the value of the estate after the injury to the tree.

On these grounds the judgment of the Common Pleas Court is reversed and the case remanded.

(Sullivan, PJ., and Vickery, J., concur.)