KAPCSOS ET AL., APPELLEES, *v.* HAMMOND ET AL., APPELLANTS; KEN DILLMAN CONSTRUCTION COMPANY, INC. ET AL.

(No. 11047—Decided August 24, 1983.)

*Mr. William P. Holder, Jr.,* for appellees F. Ronald and Shirley Kapcsos.

*Mr. Edward C. Pullekins,* for appellants Marvin H. Hammond, Jr., and Diane Hammond.

*Mr. Mark I. Wachter,* for Ken Dillman Constr. Co., Inc. and Ken Dillman.

GEORGE, J. Marvin and Diane Hammond purchased a parcel of land and home in Hudson Township, Summit County, in January 1980. In March 1980, Ronald and Shirley Kapcsos purchased an adjoining parcel.

In late 1980, the Hammonds had a fence and concrete dog run constructed on the rear portion of the plot which abutted the Kapcsoses' unimproved parcel. In March 1981, Mr. Kapcsos discovered that approximately fifty feet of the dog run was situated on the Kapcsoses' land.

Mr. Kapcsos had the land resurveyed and verified that the encroachment had, in fact, occurred. The Kapcsoses commenced the present action claiming two separate trespasses by the Hammonds: (1) a technical trespass, and (2) a trespass arising from the cutting and clearing of certain trees on the Kapcsoses' land.

The issues were tried to a jury whereupon the jury returned a verdict in favor of the Kapcsoses. The jury awarded the Kapcsoses $1 as nominal damages, $5,000 in compensatory damages, $500 in punitive damages and $500 in attorney fees.

This appeal has been taken as to the issue of damages only. The Hammonds have assigned as error the award of attorney fees, the calculation of compensatory damages, and the award of punitive damages.

Assignment of Error 2

"The trial court erred as a matter of law in allowing the admission of replacement/restoration cost evidence and instructing the jury that the jury may consider said costs in determining compensatory damages in spite of the fact that there was no loss in the market value of the property as a result of the trespass and subsequent removal of underbrush and trees."

The Kapcsoses introduced evidence through the testimony of landscaper Thomas Riccardi as to the restoration costs of their land. The trial court specifically noted that there was no evidence introduced regarding the fair market value of the Kapcsoses' land after the removal of the trees.

This court has previously addressed the issue of the proper measure of damages for the unauthorized removal of trees and shrubbery. In *Fowles* v. *Avon* (May 20, 1981), Lorain App. No. 3102, unreported, this court recognized that evidence of subsequent fair market value of the land is essential when determining the measure of damages regarding the loss of trees or shrubbery. See, also, *Cleveland Elec. Illum. Co.* v. *Merryweather* (App. 1928), 6 Ohio Law Abs. 528. This court also noted in *Fowles, supra,* that the holding in *Thatcher* v. *Lane Constr. Co.* (1970), 21 Ohio App. 2d 41 [50 O.O.2d 95], applies to damages regarding ornamental trees rather than those indigenous to the area.

The testimony in the instant case reveals that the trees in question were a woodland mix and were not particularly unique to the parcel. There is no evidence that the trees were in any way ornamental or rare.

Accordingly, this court finds that the trial court erroneously applied the standard for the measure of damages. Based upon the foregoing, this matter is

remanded for a new trial and the application of the proper standard for damages: the difference between the fair market value of the property prior to the trespass and the fair market value of the property after the trespass.

### Assignment of Error 3

"The trial court erred in not granting defendant-appellants' motion for a new trial on the issue of punitive damages for the reason that the amount of the punitive damages verdict was not sustained by the weight of the evidence."

The Hammonds requested a new trial on the issue of punitive damages and their motion for a new trial was denied. The decision as to whether a new trial should be granted lies within the sound discretion of the trial court. *Yungwirth* v. *McAvoy* (1972), 32 Ohio St. 2d 285 [61 O.O.2d 504]; and *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82 [52 O.O.2d 376].

It is noted that punitive damages may be awarded in an action where the negligence is so gross as to show a reckless or grossly negligent behavior on the part of the tortfeasors.

This court finds that the Hammonds have failed to sufficiently demonstrate an abuse of discretion on the part of the trial court. While no error has been shown, the punitive damage award cannot stand in view of this court's finding on the previous assignment of error discussed.

### Assignment of Error 1

"The trial court erred as a matter of law in allowing the issue of attorney fees to be considered by the jury and the award of attorney fees is manifestly against the weight of the evidence and is not substantiated by the evidence."

In an action which is proper for the recovery of punitive damages, attorney fees may be awarded. Such fees are awarded as a part of the compensatory damages, rather than as a part of punitive damages. If the plaintiff seeks an award of attorney fees through the use of an in-terrogatory to the jury, any finding must be supported by some credible evidence.

In determining the amount of attorney fees to be awarded, as in any other determination of damages, the jury must be presented with some credible evidence. In the instant case, there was no evidence in the record upon which the jury could base its award of attorney fees.

Accordingly, the first assignment of error is sustained. This matter is remanded to the trial court for the purpose of properly determining the amount of attorney fees.

### Summary

Assignments of Error 1 and 2 are sustained. The judgment is reversed, and this cause is remanded to the trial court for a new trial or such other proceedings as may be consistent with this decision.

*Judgment reversed and cause remanded.*

MAHONEY, P.J., and BAIRD, J., concur.