Appellant's fourth assignment of error is without merit and is overruled.

Trial court judgment is affirmed.

*Judgment affirmed.*

PATTON, C.J., and KRUPANSKY, J., concur.

SCHUYLER et al., Appellees,

v.

MILLER et al., Appellants.

[Cite as *Schuyler v. Miller* (1990), 70 Ohio App.3d 290.]

Court of Appeals of Ohio,
Geauga County.

No. 89-G-1514.

Decided Nov. 13, 1990.

*Paul McParland,* for appellees.

*Donald A. Navatsyk,* for appellants.

QUILLIN, Judge.

The sole issue presented in this trespass action is whether the trial court's failure to utilize the replacement cost of seven maple trees as the measure of damages was error.  We affirm.

Appellee, Stuart Schuyler, sought an injunction ordering the appellant, Russell Miller, to remove stakes and a wooden fence erected by Miller on the boundary line of the parties' adjoining lots.  Miller counterclaimed for an injunction ordering Schuyler and his family not to trespass on his property and for damages, including the loss of trees cut by Schuyler.

The trial court found that, from 1980 through 1985, Schuyler inadvertently cut seven maple trees ranging from six to eight inches in diameter on Miller's property.  Miller introduced evidence of the trees' replacement cost.  The trial court determined that this measure of damages would be appropriate if the trees had been shade trees decorating the land adjacent to Miller's residence. However, the seven trees in this instance were three hundred feet into Miller's backyard and remained practically unnoticed.  Based on these findings, the trial court awarded Miller $350 as the damages resulting from Schuyler's negligence in cutting down the seven trees.

Miller raises one assignment of error:

"The court of common pleas erred by ruling that the seven sugar maple trees destroyed by the Schuylers were only worth $50 each."

■ The purpose of compensatory damages is to fully compensate the injured party. *Brady v. Stafford* (1926), 115 Ohio St. 67, 79, 152 N.E. 188, 192. Therefore, when the cut trees have been used for a specific purpose, such as a sound barrier and a screen from highway traffic, replacement cost is a proper measure of damages. *Denoyer v. Lamb* (1984), 22 Ohio App.3d 136, 139, 22 OBR 375, 379, 490 N.E.2d 615, 619. Shade and ornamental trees used for a specific, identifiable purpose would be included in this category. *Id.* However, the measure of damages is usually the resulting depreciation in the value of the land on which the trees stood because their principal value inheres in what they impart to the realty on which they stand. Annotation, Measure of Damages for Injury to or Destruction of Shade or Ornamental Tree or Shrub (1979), 95 A.L.R.3d 508, 512.

In determining the damages for the unauthorized removal of trees, evidence of the fair market value of the property before and after the trespass is generally essential. *Kapcsos v. Hammond* (1983), 13 Ohio App.3d 140, 141, 13 OBR 173, 174, 468 N.E.2d 325, 326–327.

■ In this instance the trial court found that Miller failed to show that the seven sugar maple trees had particular value to Miller, other than as a portion of his woods. The trial court therefore determined that replacement or restoration cost of the trees was an inappropriate measure of damages. We cannot say that the trial court's findings are not supported by the evidence.

Miller concedes that if his theory of damages is incorrect, the judgment should be affirmed. Accordingly, the assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Christley, P.J., and Ford, J., concur.

Daniel B. Quillin, J., of the Ninth Appellate District, sitting by assignment.