**MILLER et al., Appellees,**

**v.**

**JORDAN, Appellant, et al.**

[Cite as *Miller v. Jordan* (1993), 87 Ohio App.3d 819.]

Court of Appeals of Ohio,
Preble County.

No. CA92–12–023.

Decided July 19, 1993.

*Hanes, Schipfer, Hurley, McClurg, Cooper & Graber* and *Roger L. Hurley;* and *William T. Mawer,* for appellees.

*Stephen R. Bruns,* for appellant.

WALSH, Judge.

Defendant-appellant, Richard J. Jordan, is the owner of a parcel of land situated in Preble County. In October 1990, Jordan contracted with defendant-appellee, Holmes and Company ("Holmes"), a logging company, for the sale of a number of trees located on the property. Holmes subsequently entered onto Jordan's land, cut down fifty-eight trees and paid Jordan $3,345 for the timber.

On July 12, 1991, plaintiffs-appellees, Henry and Mary Miller, owners of property that abuts Jordan's land to the west, filed suit in the Preble County Court of Common Pleas alleging that both Jordan and Holmes trespassed on their land and impermissibly removed several trees. Following a bench trial, the trial court concluded that Jordan and Holmes committed a trespass on appellees' property and removed four trees. As for damages, appellees were awarded $200 for the stumpage value of the four trees taken and $1,000 for the diminution in value of their real estate. Additionally, appellees were also awarded treble damages in the amount of $3,600, as the court deemed Jordan and Holmes' conduct reckless.

In a timely appeal, Jordan presents the following assignments of error for our review[1]:

"Assignment of Error No. 1:

"The trial court erred in its finding of the actual damages of plaintiffs/appellees.

"Assignment of Error No. 2:

"The trial court erred in awarding plaintiffs/appellees treble damages."

■ In the first assignment of error, Jordan takes issue with the trial court's finding that appellees' land diminished $1,000 in value as a result of Jordan and Holmes' actions. It is Jordan's position that the finding made by the court is not supported by the evidence. We disagree. Having carefully examined the record, we find that sufficient evidence was elicited at trial from which the court could make its finding. Consequently, the court's judgment with respect to the finding will not be disturbed by this court. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

Jordan also argues that the court erred in awarding appellees both the stumpage value of the trees[2] and the diminution in the value of the property. According to Jordan, the damages award devised by the court unjustly compensates appellees twice "for the same thing." Rather than award appellees for both the stumpage value and the diminution in value, Jordan's argument concludes, appellees should have been awarded either one or the other. For the reasons discussed below, we agree with Jordan's claim and remand the matter to the court below for a re-determination of the damages award.

■ In Ohio, the traditional measure of damages as to real property is the difference between the market value of the property before and that after the occurrence causing the damages. See *Cleve. Elec. Illum. Co. v. Merryweather* (App.1928), 6 Ohio Law Abs. 528. This rule of law is consistent with the fundamental principle that the injured party shall be fully compensated. *Brady v. Stafford* (1926), 115 Ohio St. 67, 69, 152 N.E. 188, 189.

■ In instances when damages are sought for tree cutting, however, this formula for measuring damages is by no means exclusive and is frequently discarded. *Allen v. Sowers Farms, Inc.* (July 19, 1982), Defiance App. No. 4–81–19, unreported, at 10, 1982 WL 6837, citing *Thatcher v. Lane Constr. Co.* (1970),

---

1. Holmes did not appeal the court's decision.

2. Black's Law Dictionary (6 Ed.1990) 1424, defines "stumpage" as the price paid for a license to cut and remove trees.

21 Ohio App.2d 41, 50 O.O.2d 95, 254 N.E.2d 703. Under these circumstances, courts have typically looked to 4 Restatement of the Law 2d, Torts (1979) 544, Section 929, which deals with harm to land that has resulted from past invasions and reads as follows:

"(1) If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for

"(a) the difference between the value of the land before the harm and the value after the harm, or at his election in an appropriate case, the cost of restoration that has been or may be reasonably incurred,

"(b) the loss of use of the land, and

"(c) discomfort and annoyance to him as an occupant.

"(2) If a thing attached to the land but severable from it is damaged, he may at his election recover the loss in value to the thing instead of the damage to the land as a whole."

■ Particularly relevant to the case-at-hand is Section 929(2), as appellees sought damages for the removal of trees, which were attached to the land but subsequently severed. See *Denoyer v. Lamb* (1984), 22 Ohio App.3d 136, 22 OBR 375, 490 N.E.2d 615, fn. 4. Under Section 929(2), it is up to the plaintiff to select the theory upon which to base recovery. The language in Section 929(2) makes it clear that the plaintiff is not entitled to compensation for both the loss in value to the thing and the damage to the land as a whole; instead, the plaintiff must select either one of these two recovery theories.

In the instant action, the court held that appellees were entitled to either the stumpage value of the trees taken and the diminution of value of the real estate, or the costs of reasonable restoration of the real estate to its pre-existing condition. Because appellees offered no evidence to support a finding regarding the cost of reasonably restoring the property to its pre-existing state, the court concluded that appellees were entitled to a judgment for both the stumpage value of the trees taken and the diminution value of the real estate.

■ The trial court's decision to award appellees both the fallen trees' stump-age value and the diminution in the value of their land was clearly error. As stated above, Section 929(2) permits recovery for either the diminution in the value of the land or the stumpage value of the trees, whichever appellees chose to measure damages, but not both. For this reason, we find that the damages award made by the court was improper. The case is therefore remanded to the lower court with instructions that appellees select either the $200 stumpage value

award or the $1,000 diminution in value award as the damage award. The first assignment of error is hereby sustained.

Jordan's second assignment of error alleges that the court erred in awarding appellees treble damages. The authority to award such damages derives from R.C. 901.51, which reads:

"No person, without privilege to do so, shall recklessly cut down, destroy, girdle, or otherwise injure a vine, bush, shrub, sapling, tree, or crop standing or growing on the land of another or upon public land.

"In addition to the penalty provided in section 901.99 of the Revised Code, whoever violates this section is liable in treble damages for the injury caused."

Jordan argues that treble damages were improperly awarded since appellees raised the issue for the first time in their opening statement at trial. Because appellees did not allege entitlement to treble damages in any pretrial pleading, Jordan insists that the claim was waived. This court finds Jordan's argument meritless. It has been held that a claim for treble damages recovery under R.C. 901.51 can be waived where the claim was initially made to the court after the evidence was fully presented. *Denoyer, supra,* at 141, 22 OBR at 381, 490 N.E.2d at 620–621. Here, however, appellees brought the claim to the lower court's attention at the beginning of trial, not after all the evidence had been elicited. As such, their claim for treble damages was not waived.

It is also argued by Jordan that the treble damages award must be reversed because his conduct in trespassing on appellees' property and removing the trees did not rise to the level of recklessness. Again, the record fails to support Jordan's contention. Citing 2 Restatement of the Law 2d, Torts (1965), at 587, Section 500, the Supreme Court of Ohio has defined the term "reckless" in the following manner:

" 'The actor's conduct is in reckless disregard of the safety of others if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.' * * * " *Thompson v. McNeill* (1990), 53 Ohio St.3d 102, 104–105, 559 N.E.2d 705, 707–708. The record in the instant action indicates that before appellees' trees were cut down, appellees warned Jordan and Holmes that some of the trees that were marked to be cut belonged to appellees. In light of this evidence, the act of subsequently removing the trees in dispute was reckless.

Although the aforementioned arguments advanced by Jordan lack merit, in light of our resolution of the first assignment of error, we are compelled to reverse the treble damages award the court formulated. The court arrived at the $3,600 treble damages figure by adding the $200 stumpage value award and $1,000 diminution in value award together and tripling the sum. Yet, as we noted earlier, it was improper for the court to grant appellees damages for both the stumpage value and the diminution in value. Given this conclusion, it logically follows that the treble damages award, as it presently stands, is erroneous. The court may grant treble damages on remand, but only on the basis of the stumpage value award or the diminution in value award, whichever appellees pick as the damages award.

Jordan argues, however, that the treble damages provision contained in R.C. 901.51 applies only to stumpage value awards and not awards for the diminution in the value of land. We find Jordan's proposition unpersuasive. The purpose of R.C. 901.51 is to deter individuals from trespassing on another's property and destroying the vegetation existing on the property. That is exactly what took place here. Accordingly, it is not inappropriate to assess treble damages for the loss in the value of the land suffered by appellees as a result of Jordan and Holmes' actions. On the basis of the aforesaid, the second assignment of error is not well taken.

To summarize, the court erred in granting appellees damages for both the stumpage value of the trees and the diminution in the value of the land, and in devising a treble damages award that was predicated on the sum of both of these awards. On remand, the court is instructed to allow appellees to select either the stumpage value award or the diminution in value award. Should the court then elect to award appellees treble damages pursuant to R.C. 901.51, the amount awarded must be based on the damages award selected by appellees.

Accordingly, the judgment is reversed solely on the issue of damages and the cause is remanded to the lower court for proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., and WILLIAM W. YOUNG, J., concur.