[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 282.]

WOOTEN ET AL., APPELLANTS, *v.* KNISLEY, APPELLEE, ET AL.

[Cite as *Wooten v. Knisley*, 1997-Ohio-390.]

*Torts—Unauthorized removal of timber from private property—Criminal conviction is not a prerequisite to the imposition of civil liability for treble damages under R.C. 901.51.*

A criminal conviction, resulting from a violation of R.C. 901.51, is not a condition precedent to an award of treble damages in a civil cause of action against a defendant who has recklessly, and without privilege, cut down, destroyed, girdled or otherwise injured trees standing or growing on the land of another or upon public land.

(No. 96-185—Submitted April 2, 1997 at the Athens County Session—Decided July 16, 1997.)

CERTIFIED by the Court of Appeals for Highland County, No. 94-CA-858.

––––––––––––––––

{¶ 1} George and Alma Wooten, appellants, own a one-hundred-twelve-acre tract of land situated in Highland County, Ohio. The Wootens' property is adjacent to a tract of land owned by Linda Ballentine and Alberta Hill. In 1988, the two tracts were separated by a natural boundary (a creek) and a woven wire fence.

{¶ 2} Rodney Knisley, appellee, is a sawmill operator who purchases and harvests growing stands of timber. In 1988, Larry Black worked for Knisley as a "timber spotter," *i.e.*, a buyer's agent assigned to locate commercially valuable timber available for sale. In June 1988, Black contacted Hill and inquired whether Hill and Ballentine would sell some of the timber on their property. The Hill and Ballentine property containing the timber adjoined the Wootens' land. Hill expressed an interest in selling the timber and granted Black permission to inspect

the trees. Hill advised Black of the boundaries between the Hill/Ballentine property and the Wootens' property. Additionally, Black had a tax map which indicated the proper boundaries between the properties. However, Black apparently erred in determining the true boundaries between the properties. Thus, when Black inspected the timber, he also inspected timber growing on the Wootens' land.

{¶ 3} In July 1988, Black showed Knisley the timber he had spotted, including a stand of timber that was actually located on a section of the Wootens' property. On July 17, 1988, Hill and Ballentine entered into a timber sales agreement with Knisley. Knisley agreed to purchase timber from Hill and Ballentine for $25,000. Thereafter, Black and Knisley marked the area they intended to cut and harvest, which included a stand of timber growing on the Wootens' property. The Wootens were not aware of Knisley's plans and never authorized him to remove any trees from their property.

{¶ 4} During the latter part of July 1988, Knisley's employees commenced timber cutting operations on the Hill/Ballentine property. In August 1988, the Wootens became concerned that the logging operations were coming too close to their property line. Therefore, the Wootens hired surveyors to clearly mark the boundary between their property and the Hill/Ballentine property. On or about August 30, the surveyors discovered that the logging operations had extended onto the Wootens' property. Knisley was informed of the trespass, but instructed his crew to continue the logging operations. By the time the Wootens were able to stop Knisley from encroaching on their land, Knisley had impermissibly removed approximately one hundred sixty-eight trees from an 8.2-acre section of the Wootens' property.

{¶ 5} On April 6, 1989, the Wootens ("appellants") filed a complaint in the Court of Common Pleas of Highland County naming, as defendants, Knisley, Black, Hill, Ballentine, and an independent contractor who had been involved in the logging operations. In the complaint, appellants sought recovery for trespass

and for the unauthorized removal of the timber from their property. Appellants also sought punitive damages against Knisley and others. On April 24, 1990, appellants amended their complaint to add, among other things, a claim against Knisley and Black for treble damages to which appellants claimed entitlement under R.C. 901.51. The claim for treble damages was set forth in the second count of the amended complaint. Additionally, appellants added an allegation to their claims of trespass that Hill and Ballentine had "intentionally or negligently represented that they owned Plaintiffs' trees," and that such representations had caused or contributed to the trespass and the resulting damage to appellants' property.

{¶ 6} Knisley and Black moved to dismiss appellants' claim for treble damages, arguing that recovery of treble damages under R.C. 901.51 is authorized only if criminal liability has first been determined under that statute. The trial court granted the motion and dismissed the second count of appellants' amended complaint. Additionally, Knisley and Black filed a motion *in limine* to preclude appellants from introducing any evidence at trial "relating to the alleged cost of restoration or replacement of the trees allegedly cut by the defendant Rodney Knisley, his employees or agents, and as to aesthetic damages." The trial court granted the motion *in limine*, holding that proof of damages at trial would be limited to evidence concerning the commercial value of the trees taken from appellants' property or the diminution in the fair market value of appellants' land.

{¶ 7} Prior to trial, appellants dismissed their cause of action for trespass against defendant Black. Additionally, appellants stipulated that Knisley and Black did not act as the agents, employees or servants of either Hill or Ballentine in conducting the cutting operations on appellants' property. In March 1994, appellants' claim for trespass against Knisley and their claims against Hill and Ballentine proceeded to trial by jury. At trial, Knisley stipulated liability for the trespass to appellants' property. At the conclusion of the evidence, the trial court instructed the jury that damages for the trespass were to be measured by the

diminution in the fair market value of appellants' land, but that the jury could, in the alternative, award appellants the stumpage value of the trees that were cut and/or removed from their property.[1]

**{¶ 8}** The jury returned a verdict for $10,000 in favor of appellants on their cause of action against Knisley, but determined that appellants were not entitled to an award of punitive damages. In response to written interrogatories, the jury determined that $10,000 represented the stumpage value of the timber removed from appellants' property, and that the unauthorized removal of the timber had caused no decrease in the fair market value of appellants' land. Additionally, the jury returned a separate verdict in favor of Hill and Ballentine on the claims that appellants had asserted against them. After the jury had returned its verdicts, appellants moved for a trebling of the jury award under R.C. 901.51. The trial court denied the motion, stating: "This matter having been resolved by the Court's prior ruling wherein [appellants'] Second Cause of action seeking treble damages was struck, the motion is moot and should be and is denied." In accordance with the jury's verdicts, the trial court entered judgment against Knisley and in favor of appellants for $10,000, and entered judgment in favor of Hill and Ballentine on all of appellants' claims.

**{¶ 9}** On appeal, the court of appeals affirmed the judgment of the trial court in part and reversed it in part. The court of appeals determined that the trial court had erred in finding that appellants were entitled to seek recovery for damages based only on either the stumpage value of the cut timber or the diminution in the value of their land. Specifically, the court of appeals held that appellants "were also entitled to seek restoration damages in lieu of the diminution in market value or damages measured merely by stumpage value." Therefore, the court of appeals

---

1. The trial court defined "stumpage value" as "the price the Plaintiffs would have received if they had sold someone the right to cut and remove those trees."

remanded the cause for a new trial on the issue of damages, and for appellants to elect between damages measured by the stumpage value of the severed trees, by the decrease in fair market value of appellants' land, or by the costs of restoring the land to a reasonable approximation of its former condition. However, the court of appeals affirmed the judgment of the trial court in all other respects, including the trial court's findings that appellants were not entitled to treble damages pursuant to R.C. 901.51. On the issue of treble damages, the court of appeals stated, "We believe, as did the trial court, that in light of the language of the statutes in question [R.C. 901.51 and 901.99], the better approach is to require a criminal conviction under R.C. 901.51 and 901.99 before permitting a consideration of treble damages pursuant to R.C. 901.51. Once criminal liability has been established, R.C. 901.51 then provides that in addition to criminal penalties, the violator is liable in treble damages for the injury caused." Thereafter, the court of appeals, finding its judgment on this issue to be in conflict with the decisions of the Twelfth Appellate District in *Miller v. Jordan* (1993), 87 Ohio App.3d 819, 623 N.E.2d 219, and *Hecker v. Greenleaf Village Dayton Fin. Serv. Corp.* (Feb. 7, 1994), Warren App. No. CA93-05-041, unreported, 1994 WL 37469, and the decision of the Fifth Appellate District in *Kilgore v. Schindler* (July 24, 1989), Richland App. No. CA-2665, unreported, 1989 WL 87039, entered an order certifying a conflict. The cause is now before this court upon our determination that a conflict exists.

_____

*James D. Hapner*, for appellants.

*Coss & Greer* and *Rocky A. Coss*, for appellee.

_____

**DOUGLAS, J.**

{¶ 10} The question that has been certified for our consideration is "whether R.C. 901.51 requires a criminal conviction before treble damages may be imposed

pursuant [to] that section of the Revised Code." For the reasons that follow, we find that a criminal conviction is not a prerequisite to the imposition of civil liability for treble damages under R.C. 901.51.

{¶ 11} R.C. 901.51 provides:

"No person, without privilege to do so, shall recklessly cut down, destroy, girdle, or otherwise injure a vine, bush, shrub, sapling, tree, or crop standing or growing on the land of another or upon public land.

"*In addition to the penalty provided in section 901.99 of the Revised Code, whoever violates this section is liable in treble damages for the injury caused.*" (Emphasis added.)

{¶ 12} At the time of the trespass and the unauthorized removal of appellants' trees, former R.C. 901.99 provided that "[w]hoever violates section 901.51 of the Revised Code is guilty of a minor misdemeanor." (136 Ohio Laws, Part I, 1238.) R.C. 901.99(A) currently provides that "[w]hoever violates section 901.51 of the Revised Code is guilty of a misdemeanor of the fourth degree."

{¶ 13} R.C. 901.51 was enacted effective January 1, 1974, as part of Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866. Am.Sub.H.B. No. 511 also repealed R.C. 2907.44. R.C. 901.51 contains remnants of the repealed R.C. 2907.44,[2] but also contains a number of substantive additions. Most notably, R.C. 901.51 creates a remedy of treble damages for violations of the statute. Specifically, the second paragraph of R.C. 901.51 provides that in addition to the criminal penalty provided in R.C. 901.99, "whoever violates [R.C. 901.51] is liable in treble damages for the injury caused." Thus, while R.C. 901.51 retained all

---

2. Former R.C. 2907.44 provided:

"No person, without lawful authority, shall cut down, destroy, or injure a vine, bush, shrub, sapling, or tree standing or growing upon the land of another, or sever from the land of another, injure, or destroy a product standing or growing thereon, or other thing attached thereto.

"Whoever violates this section shall be fined not more than one hundred fifty dollars or imprisoned not more than thirty days, or both." (1953 H.B. No. 1.)

pertinent vestiges of the former law insofar as the unauthorized destruction of trees may be prosecuted as a criminal offense, R.C. 901.51 also created a new statutory remedy of treble damages for violations of the statute. The issue here is whether that statutory remedy may be pursued in a civil cause of action for trespass involving the reckless and impermissible cutting of trees where the defendant in the civil action has not been prosecuted and convicted for a criminal violation of the statute. In other words, is a criminal conviction a condition precedent to the imposition of liability for civil treble damages under R.C. 901.51? We answer that question in the negative.

{¶ 14} The court of appeals held that a criminal conviction for a violation of R.C. 901.51 is a necessary predicate to an award of treble damages under that statute. In so holding, the court of appeals relied heavily on *Allen v. Sowers Farms, Inc.* (July 19, 1982), Defiance App. No. 4-81-19, unreported, 1982 WL 6837, wherein it is stated that:

"It is obvious from the fact that R.C. 2907.44 was repealed and R.C. 901.51 enacted to replace [the repealed] R.C. 2907.44 that the first paragraph of R.C. 901.51 was adopted to preserve a separate criminal offense and penalty for acts of trespass related to growing things on another's land over and above the mere act of entry upon that land. As a criminal offense it is necessary for due process * * * that there be a charge by affidavit or indictment together with trial with the usual safeguards of a jury, proof beyond a reasonable doubt, etc. The first paragraph of R.C. 901.51 does not purport to create a cause of action for civil liability enforced by separate complaint in a civil court tried as other civil actions.

"Although penalty for the criminal offense defined by the first paragraph of R.C. 901.51 is measured and imposed by R.C. 901.52 [*sic*, R.C. 901.99], it is imposed for the criminal acts of recklessly cutting down, destroying, girdling, or otherwise injuring a vine, bush, shrub, sapling, tree, or crop standing or growing on the land of another or upon public land.

"The second paragraph of R.C. 901.51 then provides that in addition to such penalty for these criminal acts the violator is liable in treble damages *for the injury caused*. In effect, the landowner * * * is given a civil cause of action, not for the criminal acts of trespass, of cutting, etc., but for damages for the injuries caused by such criminal acts of trespass. Thus, it is not only * * * that treble damages cannot exist in addition to a penalty unless that penalty first exists but even more explicitly treble damages cannot be determined 'for the injury caused' by criminal acts until those acts have been first determined to be criminal by virtue of the criminal process." (Emphasis *sic*.) *Id*. at 28-30, 1982 WL 6837, at *12. See, also, *Peterson v. First Americable Corp*. (Jan. 20, 1989), Trumbull App. No. 4026, unreported, 1989 WL 4278 (adopting the rationale of *Allen* that liability for treble damages cannot be imposed under R.C. 901.51 for the reckless and impermissible cutting or girdling of trees where the trespasser had not been charged and convicted in a criminal case for violating R.C. 901.51); and *Johnson v. Cline* (Feb. 6, 1992), Fairfield App. No. 10-CA-91, unreported, 1992 WL 34044 (same principles).

{¶ 15} Conversely, several Ohio appellate courts have determined (either expressly or by implication) that R.C. 901.51 does not require a prior criminal conviction before treble damages may be awarded pursuant to that statute in a common-law cause of action for trespass involving the reckless and impermissible removal of shrubs or trees. See, *e.g*., *Hecker*, Warren App. No. CA93-05-041, unreported, at 3, 1994 WL 37469, at *1 (holding that "R.C. 901.51 requires a trial court to award treble damages for the injury caused by recklessly cutting or destroying trees or shrubs on the land of another, regardless of whether there has been a prior criminal conviction."); *Kilgore*, Richland App. No. CA-2665, unreported, at 7, 1989 WL 87039, at *3 (recognizing that "the language of the statute providing that 'in addition to the penalty * * *' treble damages may be awarded does not require prerequisite or consecutive application," and that "[i]f the legislature wanted to require criminal prosecution as a precondition to the award of

civil treble damages, [it] could have said so."); and *Miller*, 87 Ohio App.3d 819, 623 N.E.2d 219. See, also, *Denoyer v. Lamb* (1984), 22 Ohio App.3d 136, 140-141, 22 OBR 375, 380-381, 490 N.E.2d 615, 620-621 (recognizing that R.C. 901.51 creates a new right to treble damages for the reckless and unauthorized cutting of trees which may be properly asserted in a civil cause of action against the trespasser.).

{¶ 16} We are persuaded by those decisions which have recognized that R.C. 901.51 does *not* require a criminal conviction as a precondition to the award of civil treble damages under that statute. The first paragraph of R.C. 901.51 prohibits, among other things, the reckless cutting of trees standing or growing on the land of another or upon public land. The second paragraph of the statute simply provides that "*[i]n addition to* the penalty provided in section 901.99 of the Revised Code, *whoever violates this section [R.C. 901.51] is liable in treble damages for the injury caused*." (Emphasis added.) R.C. 901.51 clearly does *not* say that the right to civil treble damages is conditioned upon a criminal conviction or the imposition of a criminal penalty authorized by R.C. 901.99. Therefore, in our judgment, an interpretation of R.C. 901.51 requiring a criminal conviction as a necessary precondition to an award of civil treble damages reads requirements into that statute that do not otherwise exist.

{¶ 17} The language and history of R.C. 901.51 clearly indicate that the statute was enacted by the General Assembly to create a new and independent right to civil treble damages for any violation of that statute. Under the express terms of the statute, liability for treble damages is "[i]n addition to" (*not* dependent upon) the criminal penalties authorized by R.C. 901.99. We believe that if the General Assembly had intended to require that a criminal conviction must precede imposition of civil liability for treble damages under R.C. 901.51, it would have specifically stated that requirement in clear and unmistakable language. For instance, R.C. 901.51 could have been enacted to read: "In addition to the penalty

provided in section 901.99 of the Revised Code, whoever is *convicted* of a violation of this section is liable in treble damages for the injury caused." This or similar language would have clearly indicated that a conviction is a prerequisite to liability for treble damages. However, R.C. 901.51, as enacted, contains no such statement of legislative purpose.

{¶ 18} Moreover, appellants contend, and we agree, that a criminal conviction should not be viewed as a prerequisite to an award of treble damages under R.C. 901.51 because, among other things, the availability of treble damages would rest entirely upon the discretion of a prosecutor to prosecute an alleged violation of R.C. 901.51.[3] We are convinced that the General Assembly did not intend to make the remedy of civil treble damages under R.C. 901.51 dependent upon the discretion of a prosecuting authority, who may or may not be inclined to prosecute each and every alleged transgression of R.C. 901.51. If we were to follow the reasoning of the court of appeals in the case at bar, the decision of a prosecutor to forgo prosecuting a criminal violation of R.C. 901.51 would foreclose an aggrieved landowner from receiving treble damages to which he or she would otherwise be entitled under the express terms of the statute.

{¶ 19} Accordingly, we specifically reject the analysis of the court of appeals that R.C. 901.51 requires a criminal conviction before treble damages may be imposed for a violation of that statute. We find that a "violation" of R.C. 901.51 can be proven either in a criminal proceeding or as part of a traditional common-law cause of action for trespass involving the impermissible felling of trees. Obviously, a criminal conviction for a violation of R.C. 901.51 would be necessary

---

3. We also note, in passing, the following assertions set forth in appellants' reply brief:

"[I]n this particular case a reading of the statute [R.C. 901.51] that allows only prosecution at the discretion of the prosecutor is outrageous. Appellee's defense attorney also is [and for sixteen years has been] the county prosecutor. To presume that he would prosecute a man he has been hired to defend is senseless, irrational and unethical. Had the Prosecutor truly believed that R.C. 901.51 required a criminal conviction he would have realized that he faced a potential conflict of interest and should, at the very least, have removed himself from the case."

for imposition of the criminal penalties authorized by R.C. 901.99. However, proof of a specific violation of R.C. 901.51 in either a civil action (by a preponderance of evidence) or a separate criminal proceeding (by proof beyond a reasonable doubt) gives rise to a right to treble damages under R.C. 901.51.

{¶ 20} Here, the trial court held that appellants were not entitled to treble damages under R.C. 901.51, since appellee Knisley had never been prosecuted and convicted for a criminal violation of that statute. Therefore, the trial court dismissed the second count of appellants' amended complaint wherein appellants had asserted a claim for treble damages based upon R.C. 901.51. We find that the trial court erred in this regard, and that the court of appeals erred in affirming the judgment of the trial court on this issue. Appellants were entitled to prove a violation of R.C. 901.51 in conjunction with their common-law cause of action for trespass to establish Knisley's liability for treble damages under R.C. 901.51.

{¶ 21} The court of appeals has determined that this cause must be remanded to the trial court for a new trial on the issue of damages and for appellants to select between the alternative theories of recovery outlined in the court of appeals' opinion.[4] On remand, we instruct the trial court that appellants are also entitled to a trial on their claim for treble damages against Knisley. Knisley has already stipulated that he trespassed upon appellants' land and that he impermissibly felled appellants' trees. Therefore, the only remaining issue to be decided regarding Knisley's potential liability for treble damages under R.C. 901.51 is whether he "recklessly" cut down appellants' trees in violation of the statute. If, on remand, the trier of fact determines that Knisley's conduct was reckless and, therefore, violative of R.C. 901.51, any damages awarded are to be

---

4. We recognize that the appellants' actual damages for the destruction of their trees have already been determined by a jury under one of the alternatives listed by the court of appeals, *i.e.*, stumpage value. We do not mean to preclude appellants, on remand, from electing to accept that award and use it as a basis for applying the treble damage factor, if treble damages are found to be proper.

trebled by the trial court pursuant to R.C. 901.51. Finally, to avoid any confusion on remand, we instruct the trial court that the term "recklessly," as that term is used in R.C. 901.51, has the same meaning in a civil claim for treble damages under R.C. 901.51 as it does in a criminal proceeding involving a violation of that statute. Specifically, the term "recklessly," as it is used in R.C. 901.51, is defined in R.C. 2901.22(C).[5]

{¶ 22} Accordingly, we reverse the judgment of the court of appeals on the sole question that has been certified for our determination and remand this cause to the trial court for further proceedings consistent with this opinion. We hold that a criminal conviction, resulting from a violation of R.C. 901.51, is not a condition precedent to an award of treble damages in a civil cause of action against a defendant who has recklessly, and without privilege, cut down, destroyed, girdled or otherwise injured trees standing or growing on the land of another or upon public land.

*Judgment reversed*
*and cause remanded.*

RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

———————————

**MOYER, C.J., dissenting.**

———————————

5. R.C. 2901.22(C) provides that:

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

**{¶ 23}** Because I conclude that it was not the intent of the General Assembly in drafting R.C. 901.51 to provide a separate civil treble damages remedy independent of a criminal charge and conviction, I respectfully dissent.

**{¶ 24}** The statute at issue in this case does not explicitly state whether it intends a criminal conviction to be a prerequisite to the award of treble damages. It does, however, state that the treble damages remedy is "[i]n addition to" the criminal penalty provided for in R.C. 901.99. The question, then, is the interpretation of "[i]n addition to," and whether that language adds anything to the meaning of the statute. I would hold that it does.

**{¶ 25}** In my opinion, the common and ordinary meaning of the language of R.C. 901.51 suggests only one interpretation: that the General Assembly did not intend the creation of an independent civil cause of action.

**{¶ 26}** The majority opinion focuses on only part of the statutory language in holding that the General Assembly did intend to create an independent cause of action. Likewise, the majority underplays the importance of the words "[i]n addition to" in order to reach its conclusion. Indeed, under the majority opinion, the phrase "[i]n addition to" is reduced to mere surplusage. The majority construes R.C. 901.51 as if it had simply read, "Whoever violates this section is liable in treble damages for the injury caused." The statute, however, does not so read. It provides rather: "In addition to the penalty provided in section 901.99 of the Revised Code, whoever violates this section is liable in treble damages for the injury caused."

**{¶ 27}** We do not construe statutes so as to render statutory language meaningless. "[I]t is the duty of courts to accord meaning to each word of a legislative enactment if it is reasonably possible so to do. It is to be presumed that each word in a statute was placed there for a purpose." *State ex rel. Bohan v. Indus. Comm.* (1946), 147 Ohio St. 249, 251, 34 O.O. 151, 152, 70 N.E.2d 888, 889. In order for the words "[i]n addition to" to have meaning, there must be an antecedent

13

to the treble damages clause, which, in this case, is the criminal penalty clause. Had it not intended the criminal penalty to be a condition precedent to an action for treble damages, the General Assembly would surely have simply provided for treble damages without qualification.

{¶ 28} The majority contends that because R.C. 901.51 does not expressly say that the right to civil treble damages is conditioned on the imposition of a criminal penalty authorized by R.C. 901.99, the statute must be held to have created a separate civil treble damages remedy independent of a criminal charge and conviction. Such reasoning has never been the rule of this court and should not be the rule in this case.

{¶ 29} Rather than pronouncing that all causes of action not expressly denied in a statute are thereby created, a reasonable and restrained judiciary must resist the temptation to find new statutory causes of action in ambiguous text and must resolve to await explicit language from the General Assembly before attributing to that body the intent to establish a new cause of action. This principle is particularly compelling where, as here, the law already provides other means of compensating an injured party.

{¶ 30} As the court of appeals correctly stated, its holding is buttressed by the fact that the R.C. 901.51 remedy is not the only remedy available to a party injured by the tortious destruction of the party's trees. A civil action for trespass and conversion, including the possibility of punitive damages, is available to such a plaintiff independent of R.C. 901.51. Such an action, by definition, will adequately compensate the successful plaintiff for his or her loss. The further objectives served by a treble damage award—more formidable deterrent effect, penalization of the wrongdoer, and incentive for injured parties to bring lawsuits— can reasonably be interpreted as an appropriately harsher response by the General Assembly to conduct that rises to the level of a criminal offense and is proven beyond a reasonable doubt in a criminal proceeding.

**{¶ 31}** The majority also states that both the language and the history of R.C. 901.51 clearly indicate that the statute was enacted "to create a new and independent right to civil treble damages for any violation of that statute." No support is offered for the conclusory statement that the history of R.C. 901.51 bolsters the majority's conclusion, nor has my research uncovered any such historical underpinning.

**{¶ 32}** The General Assembly is fully able to expressly establish new causes of action. It has not done that in R.C. 901.51, and it is the duty of this court to apply the statute accordingly.

**{¶ 33}** For the foregoing reasons, I would affirm the judgment of the court of appeals and hold that R.C. 901.51 requires a criminal prosecution and conviction before treble damages may be sought in a civil action.

COOK, J., concurs in the foregoing dissenting opinion.

———————————