OPINION
Rebecca Forsythe appeals from a judgment of the Champaign County Municipal Court, Small Claims Division, awarding her $72.01. She had sought $2738 in damages from Tony Justice, whom she claimed trespassed upon her property, removed valuable trees, and damaged her fence. Justice had counterclaimed for $1350, representing his cost of cleaning out the fence line dividing the party's properties. After a bench trial at which John Grauman, who is Forsythe's brother, and Justice testified, the trial court's magistrate entered the following which the trial court approved.,
 Plaintiff claims Defendant encroached upon his property and caused damage including replacing a portion of the gence [sic] and replacement of three (3) trees. Defendant counterclaims for the costs of removing rubbish and vegetation.
 The evidence presented established that the properties of Plaintiff and Defendant abut along a fence. Defendant claims the trees and brush removed encroached on his property. Defendant further offered evidence that he attempted to remove the weeds and brush by working only on his property but may have encroached on Plaintiff's land. Defendant admits a portion of the fence was damaged as the trees and brush in question had grown into portions of the fence.
 The Court has observed the photographs and property in question. The area in question does appear to be a fence row/property line.
 While it is true that Defendant can clean the fence row he is responsible for any damages. Plaintiff presented no evidence that the trees in question were planted by her or her family but were growing in that area. Evidence was presented that a portion of the fence was damaged. No evidence was presented that Defendant had sought prior compensation for cleaning and removal of the brush although Defendant cpresented evidence that he had requested Plaintiff clean up the fence row or help him in the same.
 Judgment to Plaintiff in the amount of $72.01 (the amount of materials to fix the fence portion). The court declines to grant the labor request or the replacement costs of the trees. Plaintiff has benefitted from Defendant's actions as the line has been cleaned up.
FIRST ASSIGNMENT OF ERROR
 MAGISTRATE'S RULING BASED ON TOWNSHIP LAW SUPERCEDING IS IN ERROR. IN ACCORDANCE WITH ORC 731.51 AND ORC 731.53, MUNICIPAL CODES OVERRULE SIMILAR TOWNSHIP CODES ORC 971.33 AND ORC. 971.34. ALSO, URBANA CITY CODE OF ORDINANCES NUISANCES 1339.01(k) AND 1339.02-.08, AND IN ADDITION FOR REVIEW ORC 504.4(D) and ORC 971.02.
Under this assignment, Forsythe claims that the trial court decided the case in accordance with statutes pertaining to townships which are inapplicable to this controversy. Nothing of record suggests that the trial court considered statutes pertaining only to townships in deciding this controversy. Rather, the trial court determined that Justice had trespassed and awarded damages it determined were proximately caused by the trespass. While Forsythe is correct that Urbana ordinances and statutes pertaining to municipalities, rather than statutes pertaining to townships, would apply to certain situations arising within the city of Urbana, this proposition has no application in this case.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR MAGISTRATE'S RULING ALLOWED DEFENDANT TO UNINTENTIONALLY TRESPASS AND INADVERTENTLY CAUSE DAMAGE. REGARDLESS OF INTENT, DEFENDANT IS RESPONSIBLE FOR HIS ACTIONS. CODES TO BE REVIEWED INCLUDE: ORC 731.41, ORC 731.53, ORC 901.51. CASES TO BE REVIEWED INCLUDE MILLER V. JORDAN (PREBLE 1993) 87 OHIO APP.3d 819, 623 N.E.2d 219, 49 O JUR 3D.
Under this assignment, Forsythe first contends that the trial court allowed Justice to trespass and inadvertently cause damage. This is a misapprehension of what the trial court did because it clearly determined that Justice trespassed and assessed damages it deemed appropriate. Forsythe relies on R.C. 901.51 and Miller v. Jordan (1993),87 Ohio App.3d 819 in contending that the damages awarded were inadequate. R.C. 901.51 provides as follows:
 No person, without privilege to do so, shall recklessly cut down, destroy, girdle, or otherwise injure a vine, bush, shrub, sapling, tree, or crop standing or growing on the land of another or upon public land.
 In addition to the penalty provided in section 901.99
of the Revised Code, whoever violates this section is liable in treble damages for the injury caused.
As it relates to the vegetation removed by Justice, there was competent, credible evidence that the trial court was entitled to accept that the vegetation was valueless. There was certainly no testimony that the removal had diminished the value of Forsythe's property. Indeed, the trial court determined that the removal of the vegetation benefitted Forsythe's property. After reviewing the testimony and photographic evidence in this case, we are not inclined to disturb the trial court's determination that the removal of vegetation did not damage Forsythe. Thus, neither R.C. 901.51 nor Miller v. Jordan compel a result contrary to that reached by the trial court. Having shown no damage occasioned by the removal of the vegetation, Forsythe is also not entitled to an award of damages for replacement trees. See Kapcsos v. Hammond (1983),13 Ohio App.3d 140. Furthermore, the evidence supports the award of damages for injury to the fence.
The second assignment is overruled.
 THIRD ASSIGNMENT OF ERROR IN ADDITION TO THE FIRST AND SECOND ASSIGNMENTS OF ERROR, SETTLEMENT IS INADEQUATE.
This assignment is overruled on the basis of our discussion of the preceding assignment.
The judgment will be affirmed.
GRADY, J., and YOUNG, J., concur.