OPINION
{¶ 1} Plaintiff-appellant, Kevin Collins, appeals the decision rendered by the Butler County Area II Court on the award of damages for the loss of vegetation on his property.
 {¶ 2} Appellant filed a complaint against his neighbor, defendant-appellee, Carla Messer, in connection with an incident in which Messer was responsible for having trees and vegetation removed from appellant's residential property. The rear of appellant's property abuts with the rear of Messer's property in a residential subdivision of Butler County.
 {¶ 3} Messer testified that she hired Wilson Garden Center ("Garden Center") to clear vegetation to an old farm fence, which she believed to be the delineation of the rear of her property. Messer conducted all of her business with the Garden Center over the telephone, and she was not present when the vegetation was cleared. Messer did not discuss the vegetation removal with appellant, as testimony was presented that the parties had never met before the incident occurred.
 {¶ 4} The vegetation, with the exception of a few trees, was cleared up to and beyond the farm fence at a time when both parties were apparently not at home. Testimony was presented at trial that Messer's property line, in fact, did not extend to the old farm fence and that most of the vegetation cleared was on appellant's property. Appellant testified that he was "devastated" when he learned of the destruction of the vegetation.
 {¶ 5} Appellant and Messer met and subsequently split the $1647.91 cost of hiring a landscaper to plant some pine trees in the area between the properties. All of the pines were planted on appellant's property. The relationship between the parties deteriorated during the year that followed. Appellant filed this action against Messer, setting forth claims pertinent to this appeal for damages for trespass on his property and treble damages pursuant to R.C. 901.51.
 {¶ 6} A magistrate presided over the trial and issued a decision finding trespass and awarding no additional damages to appellant beyond the amount Messer already paid for the planted pines. The trial court issued a decision overruling appellant's objections. Appellant filed the instant appeal, advancing one assignment of error:
 {¶ 7} "The trial court erred, to the detriment of the plaintiff-appellant, by overruling plaintiff-appellant's objections [sic] the magistrate's decision."
 {¶ 8} Although appellant combined his arguments under a single issue, we interpret the issue as involving two arguments that we will address separately.
 {¶ 9} Appellant first argues that the trial court erred in failing to award treble damages for a violation of R.C. 901.51
when Messer's actions were reckless for failing to both investigate the property boundaries and to supervise the cutting of the vegetation.
 {¶ 10} R.C. 901.51 states that no person, without privilege to do so, shall recklessly cut down, girdle, or otherwise injure a vine, bush, shrub, sapling, tree or crop growing on the land of another. The statute further indicates, in part, that an individual who violates this section is liable in treble damages for the injury caused.
 {¶ 11} A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist. R.C. 2901.22(C); Wooten v.Knisely, 79 Ohio St.3d 285, 1997-Ohio-390 (the term "recklessly" as it is used in R.C. 901.51 has the same meaning in a civil claim for treble damages and is defined in R.C. 2901.22[C]).
 {¶ 12} The trial court indicated that it found credible Messer's testimony about her mistaken belief that the fence marked the boundaries and found credible Messer's testimony that she did not instruct the Garden Center to remove vegetation beyond the fence. Based upon those findings, the trial court determined that Messer's actions were not reckless and she was not liable in treble damages under R.C. 901.51.
 {¶ 13} The weight of the evidence and credibility of the witnesses are issues to be determined by the trier of fact, who had the opportunity to view the witnesses and observe their demeanor. Spurlock v. Douglas, Lawrence App. No. 02CA19, 2003-Ohio-570, at ¶ 17. Having reviewed the record, we find that the trial court's decision on the issue of Messer's alleged recklessness and on treble damages was supported by competent credible evidence and will not be reversed. Id. at ¶ 15-17.
 {¶ 14} We interpret appellant's second argument to assert that the trial court erred in failing to consider the value to appellant in losing the vegetation and erred in not awarding damages for that loss when it found Messer committed a trespass.
 {¶ 15} During the lengthy trial on the issues, the trial court heard some testimony that the previous vegetation included some trees, but also consisted of brush, undergrowth, weeds and vines. Appellant had a contrasting view of the value of the vegetation, testifying that he valued the privacy and songbirds the vegetation provided in the rear of his property and that his parcel was more valuable because of the vegetation.
 {¶ 16} In assessing damages for the trespass, the trial court relied upon Denoyer v. Lamb (1984), 22 Ohio App.3d 136, for the proposition that the measure of damage is the cost of reasonable restoration of property to the pre-existing condition or to a condition as close as reasonably feasible without requiring grossly disproportionate expenditures and with allowance for the natural processes of regeneration within a reasonable period of time. Cf. Thatcher v. Lane Construction Co. (1970),21 Ohio App.2d 41, 49 (homeowner may be awarded as damages the fair cost of restoring his land to a reasonable approximation of its former condition, if practical, without necessary limitation to diminution in market value of such land).
 {¶ 17} The trial court found that Messer compensated appellant for his damages by paying $823 for the pines planted on appellant's property.
 {¶ 18} Having reviewed the record, we cannot say that the trial court erred in its determination on the damage issues under the specific facts of this case.
 {¶ 19} Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Walsh, J., concur.