WOOTEN ET AL., APPELLANTS, *v.* KNISLEY, APPELLEE, ET AL.

[Cite as *Wooten v. Knisley* (1997), 79 Ohio St.3d 282.]

(No. 96–185—Submitted April 2, 1997 at the Athens
County Session—Decided July 16, 1997.)

284

*James D. Hapner,* for appellants.

*Coss & Greer* and *Rocky A. Coss,* for appellee.

DOUGLAS, J.   The question that has been certified for our consideration is "whether R.C. 901.51 requires a criminal conviction before treble damages may be imposed pursuant [to] that section of the Revised Code." For the reasons that follow, we find that a criminal conviction is not a prerequisite to the imposition of civil liability for treble damages under R.C. 901.51.

R.C. 901.51 provides:

"No person, without privilege to do so, shall recklessly cut down, destroy, girdle, or otherwise injure a vine, bush, shrub, sapling, tree, or crop standing or growing on the land of another or upon public land.

*"In addition to the penalty provided in section 901.99 of the Revised Code, whoever violates this section is liable in treble damages for the injury caused."* (Emphasis added.)

At the time of the trespass and the unauthorized removal of appellants' trees, former R.C. 901.99 provided that "[w]hoever violates section 901.51 of the Revised Code is guilty of a minor misdemeanor." (136 Ohio Laws, Part I, 1238.) R.C. 901.99(A) currently provides that "[w]hoever violates section 901.51 of the Revised Code is guilty of a misdemeanor of the fourth degree."

R.C. 901.51 was enacted effective January 1, 1974, as part of Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866.   Am.Sub.H.B. No. 511 also repealed R.C.

2907.44. R.C. 901.51 contains remnants of the repealed R.C. 2907.44,[2] but also contains a number of substantive additions. Most notably, R.C. 901.51 creates a remedy of treble damages for violations of the statute. Specifically, the second paragraph of R.C. 901.51 provides that in addition to the criminal penalty provided in R.C. 901.99, "whoever violates [R.C. 901.51] is liable in treble damages for the injury caused." Thus, while R.C. 901.51 retained all pertinent vestiges of the former law insofar as the unauthorized destruction of trees may be prosecuted as a criminal offense, R.C. 901.51 also created a new statutory remedy of treble damages for violations of the statute. The issue here is whether that statutory remedy may be pursued in a civil cause of action for trespass involving the reckless and impermissible cutting of trees where the defendant in the civil action has not been prosecuted and convicted for a criminal violation of the statute. In other words, is a criminal conviction a condition precedent to the imposition of liability for civil treble damages under R.C. 901.51? We answer that question in the negative.

The court of appeals held that a criminal conviction for a violation of R.C. 901.51 is a necessary predicate to an award of treble damages under that statute. In so holding, the court of appeals relied heavily on *Allen v. Sowers Farms, Inc.* (July 19, 1982), Defiance App. No. 4–81–19, unreported, 1982 WL 6837, wherein it is stated that:

"It is obvious from the fact that R.C. 2907.44 was repealed and R.C. 901.51 enacted to replace [the repealed] R.C. 2907.44 that the first paragraph of R.C. 901.51 was adopted to preserve a separate criminal offense and penalty for acts of trespass related to growing things on another's land over and above the mere act of entry upon that land. As a criminal offense it is necessary for due process * * * that there be a charge by affidavit or indictment together with trial with the usual safeguards of a jury, proof beyond a reasonable doubt, etc. The first paragraph of R.C. 901.51 does not purport to create a cause of action for civil liability enforced by separate complaint in a civil court tried as other civil actions.

"Although penalty for the criminal offense defined by the first paragraph of R.C. 901.51 is measured and imposed by R.C. 901.52 [*sic,* R.C. 901.99], it is imposed for the criminal acts of recklessly cutting down, destroying, girdling, or otherwise injuring a vine, bush, shrub, sapling, tree, or crop standing or growing on the land of another or upon public land.

---

2. Former R.C. 2907.44 provided:

. "No person, without lawful authority, shall cut down, destroy, or injure a vine, bush, shrub, sapling, or tree standing or growing upon the land of another, or sever from the land of another, injure, or destroy a product standing or growing thereon, or other thing attached thereto.

"Whoever violates this section shall be fined not more than one hundred fifty dollars or imprisoned not more than thirty days, or both." (1953 H.B. No. 1.)

"The second paragraph of R.C. 901.51 then provides that in addition to such penalty for these criminal acts the violator is liable in treble damages *for the injury caused.* In effect, the landowner * * * is given a civil cause of action, not for the criminal acts of trespass, of cutting, etc., but for damages for the injuries caused by such criminal acts of trespass. Thus, it is not only * * * that treble damages cannot exist in addition to a penalty unless that penalty first exists but even more explicitly treble damages cannot be determined 'for the injury caused' by criminal acts until those acts have been first determined to be criminal by virtue of the criminal process." (Emphasis *sic.*) *Id.* at 28–30, 1982 WL 6837, at *12. See, also, *Peterson v. First Americable Corp.* (Jan. 20, 1989), Trumbull App. No. 4026, unreported, 1989 WL 4278 (adopting the rationale of *Allen* that liability for treble damages cannot be imposed under R.C. 901.51 for the reckless and impermissible cutting or girdling of trees where the trespasser had not been charged and convicted in a criminal case for violating R.C. 901.51); and *Johnson v. Cline* (Feb. 6, 1992), Fairfield App. No. 10–CA–91, unreported, 1992 WL 34044 (same principles).

Conversely, several Ohio appellate courts have determined (either expressly or by implication) that R.C. 901.51 does not require a prior criminal conviction before treble damages may be awarded pursuant to that statute in a common-law cause of action for trespass involving the reckless and impermissible removal of shrubs or trees. See, *e.g., Hecker,* Warren App. No. CA93–05–041, unreported, at 3, 1994 WL 37469, at *1 (holding that "R.C. 901.51 requires a trial court to award treble damages for the injury caused by recklessly cutting or destroying trees or shrubs on the land of another, regardless of whether there has been a prior criminal conviction."); *Kilgore,* Richland App. No. CA–2665, unreported, at 7, 1989 WL 87039, at *3 (recognizing that "the language of the statute providing that 'in addition to the penalty * * *' treble damages may be awarded does not require prerequisite or consecutive application," and that "[i]f the legislature wanted to require criminal prosecution as a precondition to the award of civil treble damages, [it] could have said so."); and *Miller,* 87 Ohio App.3d 819, 623 N.E.2d 219. See, also, *Denoyer v. Lamb* (1984), 22 Ohio App.3d 136, 140–141, 22 OBR 375, 380–381, 490 N.E.2d 615, 620–621 (recognizing that R.C. 901.51 creates a new right to treble damages for the reckless and unauthorized cutting of trees which may be properly asserted in a civil cause of action against the trespasser.).

We are persuaded by those decisions which have recognized that R.C. 901.51 does *not* require a criminal conviction as a precondition to the award of civil treble damages under that statute. The first paragraph of R.C. 901.51 prohibits, among other things, the reckless cutting of trees standing or growing on the land of another or upon public land. The second paragraph of the statute simply provides that "*[i]n addition to* the penalty provided in section 901.99 of the Revised Code, *whoever violates this section [R.C. 901.51] is liable in treble*

*damages for the injury caused."* (Emphasis added.) R.C. 901.51 clearly does *not* say that the right to civil treble damages is conditioned upon a criminal conviction or the imposition of a criminal penalty authorized by R.C. 901.99. Therefore, in our judgment, an interpretation of R.C. 901.51 requiring a criminal conviction as a necessary precondition to an award of civil treble damages reads requirements into that statute that do not otherwise exist.

The language and history of R.C. 901.51 clearly indicate that the statute was enacted by the General Assembly to create a new and independent right to civil treble damages for any violation of that statute. Under the express terms of the statute, liability for treble damages is "[i]n addition to" (*not* dependent upon) the criminal penalties authorized by R.C. 901.99. We believe that if the General Assembly had intended to require that a criminal conviction must precede imposition of civil liability for treble damages under R.C. 901.51, it would have specifically stated that requirement in clear and unmistakable language. For instance, R.C. 901.51 could have been enacted to read: "In addition to the penalty provided in section 901.99 of the Revised Code, whoever is *convicted* of a violation of this section is liable in treble damages for the injury caused." This or similar language would have clearly indicated that a conviction is a prerequisite to liability for treble damages. However, R.C. 901.51, as enacted, contains no such statement of legislative purpose.

Moreover, appellants contend, and we agree, that a criminal conviction should not be viewed as a prerequisite to an award of treble damages under R.C. 901.51 because, among other things, the availability of treble damages would rest entirely upon the discretion of a prosecutor to prosecute an alleged violation of R.C. 901.51.[3] We are convinced that the General Assembly did not intend to make the remedy of civil treble damages under R.C. 901.51 dependent upon the discretion of a prosecuting authority, who may or may not be inclined to prosecute each and every alleged transgression of R.C. 901.51. If we were to follow the reasoning of the court of appeals in the case at bar, the decision of a prosecutor to forgo prosecuting a criminal violation of R.C. 901.51 would foreclose an aggrieved landowner from receiving treble damages to which he or she would otherwise be entitled under the express terms of the statute.

---

3. We also note, in passing, the following assertions set forth in appellants' reply brief:

"[I]n this particular case a reading of the statute [R.C. 901.51] that allows only prosecution at the discretion of the prosecutor is outrageous. Appellee's defense attorney also is [and for sixteen years has been] the county prosecutor. To presume that he would prosecute a man he has been hired to defend is senseless, irrational and unethical. Had the Prosecutor truly believed that R.C. 901.51 required a criminal conviction he would have realized that he faced a potential conflict of interest and should, at the very least, have removed himself from the case."

Accordingly, we specifically reject the analysis of the court of appeals that R.C. 901.51 requires a criminal conviction before treble damages may be imposed for a violation of that statute. We find that a "violation" of R.C. 901.51 can be proven either in a criminal proceeding or as part of a traditional common-law cause of action for trespass involving the impermissible felling of trees. Obviously, a criminal conviction for a violation of R.C. 901.51 would be necessary for imposition of the criminal penalties authorized by R.C. 901.99. However, proof of a specific violation of R.C. 901.51 in either a civil action (by a preponderance of evidence) or a separate criminal proceeding (by proof beyond a reasonable doubt) gives rise to a right to treble damages under R.C. 901.51.

Here, the trial court held that appellants were not entitled to treble damages under R.C. 901.51, since appellee Knisley had never been prosecuted and convicted for a criminal violation of that statute. Therefore, the trial court dismissed the second count of appellants' amended complaint wherein appellants had asserted a claim for treble damages based upon R.C. 901.51. We find that the trial court erred in this regard, and that the court of appeals erred in affirming the judgment of the trial court on this issue. Appellants were entitled to prove a violation of R.C. 901.51 in conjunction with their common-law cause of action for trespass to establish Knisley's liability for treble damages under R.C. 901.51.

The court of appeals has determined that this cause must be remanded to the trial court for a new trial on the issue of damages and for appellants to select between the alternative theories of recovery outlined in the court of appeals' opinion.[4] On remand, we instruct the trial court that appellants are also entitled to a trial on their claim for treble damages against Knisley. Knisley has already stipulated that he trespassed upon appellants' land and that he impermissibly felled appellants' trees. Therefore, the only remaining issue to be decided regarding Knisley's potential liability for treble damages under R.C. 901.51 is whether he "recklessly" cut down appellants' trees in violation of the statute. If, on remand, the trier of fact determines that Knisley's conduct was reckless and, therefore, violative of R.C. 901.51, any damages awarded are to be trebled by the trial court pursuant to R.C. 901.51. Finally, to avoid any confusion on remand, we instruct the trial court that the term "recklessly," as that term is used in R.C. 901.51, has the same meaning in a civil claim for treble damages under R.C. 901.51 as it does in a criminal proceeding involving a violation of that statute.

---

4. We recognize that the appellants' actual damages for the destruction of their trees have already been determined by a jury under one of the alternatives listed by the court of appeals, i.e., stumpage value. We do not mean to preclude appellants, on remand, from electing to accept that award and use it as a basis for applying the treble damage factor, if treble damages are found to be proper.

Specifically, the term "recklessly," as it is used in R.C. 901.51, is defined in R.C. 2901.22(C).[5]

Accordingly, we reverse the judgment of the court of appeals on the sole question that has been certified for our determination and remand this cause to the trial court for further proceedings consistent with this opinion. We hold that a criminal conviction, resulting from a violation of R.C. 901.51, is not a condition precedent to an award of treble damages in a civil cause of action against a defendant who has recklessly, and without privilege, cut down, destroyed, girdled or otherwise injured trees standing or growing on the land of another or upon public land.

*Judgment reversed
and cause remanded.*

RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

MOYER, C.J., dissenting. Because I conclude that it was not the intent of the General Assembly in drafting R.C. 901.51 to provide a separate civil treble damages remedy independent of a criminal charge and conviction, I respectfully dissent.

The statute at issue in this case does not explicitly state whether it intends a criminal conviction to be a prerequisite to the award of treble damages. It does, however, state that the treble damages remedy is "[i]n addition to" the criminal penalty provided for in R.C. 901.99. The question, then, is the interpretation of "[i]n addition to," and whether that language adds anything to the meaning of the statute. I would hold that it does.

In my opinion, the common and ordinary meaning of the language of R.C. 901.51 suggests only one interpretation: that the General Assembly did not intend the creation of an independent civil cause of action.

The majority opinion focuses on only part of the statutory language in holding that the General Assembly did intend to create an independent cause of action. Likewise, the majority underplays the importance of the words "[i]n addition to" in order to reach its conclusion. Indeed, under the majority opinion, the phrase

---

5. R.C. 2901.22(C) provides that:

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

"[i]n addition to" is reduced to mere surplusage. The majority construes R.C. 901.51 as if it had simply read, "Whoever violates this section is liable in treble damages for the injury caused." The statute, however, does not so read. It provides rather: "In addition to the penalty provided in section 901.99 of the Revised Code, whoever violates this section is liable in treble damages for the injury caused."

We do not construe statutes so as to render statutory language meaningless. "[I]t is the duty of courts to accord meaning to each word of a legislative enactment if it is reasonably possible so to do. It is to be presumed that each word in a statute was placed there for a purpose." *State ex rel. Bohan v. Indus. Comm.* (1946), 147 Ohio St. 249, 251, 34 O.O. 151, 152, 70 N.E.2d 888, 889. In order for the words "[i]n addition to" to have meaning, there must be an antecedent to the treble damages clause, which, in this case, is the criminal penalty clause. Had it not intended the criminal penalty to be a condition precedent to an action for treble damages, the General Assembly would surely have simply provided for treble damages without qualification.

The majority contends that because R.C. 901.51 does not expressly say that the right to civil treble damages is conditioned on the imposition of a criminal penalty authorized by R.C. 901.99, the statute must be held to have created a separate civil treble damages remedy independent of a criminal charge and conviction. Such reasoning has never been the rule of this court and should not be the rule in this case.

Rather than pronouncing that all causes of action not expressly denied in a statute are thereby created, a reasonable and restrained judiciary must resist the temptation to find new statutory causes of action in ambiguous text and must resolve to await explicit language from the General Assembly before attributing to that body the intent to establish a new cause of action. This principle is particularly compelling where, as here, the law already provides other means of compensating an injured party.

As the court of appeals correctly stated, its holding is buttressed by the fact that the R.C. 901.51 remedy is not the only remedy available to a party injured by the tortious destruction of the party's trees. A civil action for trespass and conversion, including the possibility of punitive damages, is available to such a plaintiff independent of R.C. 901.51. Such an action, by definition, will adequately compensate the successful plaintiff for his or her loss. The further objectives served by a treble damage award—more formidable deterrent effect, penalization of the wrongdoer, and incentive for injured parties to bring lawsuits—can reasonably be interpreted as an appropriately harsher response by the General Assembly to conduct that rises to the level of a criminal offense and is proven beyond a reasonable doubt in a criminal proceeding.

The majority also states that both the language and the history of R.C. 901.51 clearly indicate that the statute was enacted "to create a new and independent right to civil treble damages for any violation of that statute." No support is offered for the conclusory statement that the history of R.C. 901.51 bolsters the majority's conclusion, nor has my research uncovered any such historical underpinning.

The General Assembly is fully able to expressly establish new causes of action. It has not done that in R.C. 901.51, and it is the duty of this court to apply the statute accordingly.

For the foregoing reasons, I would affirm the judgment of the court of appeals and hold that R.C. 901.51 requires a criminal prosecution and conviction before treble damages may be sought in a civil action.

COOK, J., concurs in the foregoing dissenting opinion.