2001 OK 84

John A. ERIKSSON and Linda L. Eriksson, Plaintiffs–Appellants,

v.

Jo JONES, Defendant–Appellee.

No. 95,184.

Supreme Court of Oklahoma.

Oct. 9, 2001.

David H. Sanders, Sanders & Sanders, Tulsa, OK, for Plaintiffs–Appellants.

C. Bart Fite, Wright, Stout, Fite & Wilburn, Muskogee, OK, for Defendant–Appellee.

WATT, Vice Chief Justice.

¶1 The dispute between the parties arose because a limited liability company, Defendant, J.C. Meat Processing Company, L.L.C., failed to pay for emu (ostrich) meat processing equipment that Plaintiffs, John A. Eriksson and Linda L. Eriksson, had financed. The principals in J.C. Meat Processing were the Erriksons and Defendant, Jo Jones. J.C. Meat Processing had been formed to process emu meat but the emu market collapsed. The Erriksons filed suit to replevin the property against J.C. Meat Processing and Jones in Muskogee County. Jones had no personal liability to the Erikssons for the debt that J.C. Meat Processing incurred for the emu processing equipment. The record does not reflect when the Erikssons filed their Muskogee County action but it was tried on March 26 and May 14, 1997.

¶2 The Muskogee court convened a settlement conference on July 25, 1997 but the parties failed to agree to a judgment. Finally, on November 23, 1998, the Muskogee court entered a judgment for replevin in favor of the Erikssons and against Jones. It is undisputed that Jones had moved the equipment from Muskogee County to Rogers County on July 25, 1997, a fact that apparently was known to the Erikssons. In its November 23, 1998 judgment for replevin, the Muskogee court ordered that a writ of replevin issue to the Sheriff of Rogers County to seize the property. The Muskogee court denied all other claims other than the order of replevin.

¶3 The Muskogee County court's judgment further provided that the Erikssons were "the owners of such property, free and clear of any right, title, claim, lien or interest in the Defendants, J.C. Meat Processing Company, L.L.C. and Jo Jones, and each of

them." Jones did not appeal from the Muskogee judgment and it became final. On March 8, 1999, the Muskogee County court also entered a supplemental judgment granting an attorneys' fee award in favor of the Erikssons and against Jones in the amount of $8,787.32. The attorneys' fee award also became final and is not at issue in this appeal.

¶ 4 On March 9, 1999 an execution of replevin was issued for the Rogers County Sheriff. It directed the delivery of the equipment or the recovery of $22,190.50, although, as noted, the Muskogee County judgment upon which the Rogers County execution was based expressly limited the judgment to one for replevin of the equipment. On March 20, 1999, the Rogers County Sheriff attempted to execute the replevin judgment by repossessing the equipment from Jones but Jones refused to turn over the equipment or to divulge its location. Jones claimed that she had a storage lien on the property, despite the existence of the express provision in the Muskogee judgment that the Erikssons owned the property free of any claim Jones might have to it.

¶ 5 In July 1999, Jones obtained two appraisals of the value of the equipment. The first, obtained July 2, 1999, valued the equipment at $1,000.00; the second, obtained July 5, 1999, valued it at $725.00.

¶ 6 The Erikssons filed another action against Jones in Rogers County on October 4, 1999. The Erikssons sought a money judgment of $20,000.00 on the final judgment of replevin. The Erikssons claimed that when they had filed their original action in Muskogee County on February 14, 1997 the equipment was in good condition and was worth $20,000.00 and that they were entitled to a judgment in that amount. The Erikssons also sought recovery of their $8,787.32 attorneys' fee award. The Erikssons did not seek repossession of the equipment, and later refused to accept it when it was tendered to them by Jones. On October 29, 1999, the Erikssons amended their Rogers County action to include a claim for double damages against Jones, including double damages for their unpaid attorneys' fee, under 12 O.S. 1991 § 1571.1.[1]

¶ 7 Jones moved to dismiss the Erikssons' Rogers County action on the ground that the Muskogee County judgment had expressly limited the Erikssons remedy to the recovery of the equipment. The trial court agreed and dismissed the Erikssons' petition and amended petition on April 6, 2000. The trial court concluded that a determination that Jones was criminally liable for her conduct would have been necessary to support a judgment for the Erikssons under 12 O.S. 1571.1. The trial court also relied on the express language in the November 23, 1998 Muskogee County judgment, "The Court further finds that all other claims of the parties, one against the other, other than for the issuance of an Order of Replevin are denied." The Erikssons filed a motion for new trial on April 13, 2000, which the trial court denied on May 10, 2000.

¶ 8 On January 26, 2000, Jones filed a pleading in the Muskogee County replevin action that tendered the equipment to the Erikssons and sought a storage fee of $12,000.00 as an offset to the $8,787.32 attorneys' fee that had been awarded against her. On February 7, 2000, the Erikssons filed a motion to dismiss Jones's claim for a storage lien. In their motion, the Erikssons conceded that the value of the property was, indeed, between $725.00 and $1,000.00 as

---

1. Title 12 O.S.1991 § 1571.1 provides:

Any person who willfully and knowingly damages property in which there exists a valid right to issuance of an order of delivery, or on which such order has been sought under the provisions of this act, or who conceals it, with the intent to interfere with enforcement of the order, or who removes it from the jurisdiction of the court in which the action is pending with the intention of defeating enforcement of an order of delivery, or who willfully refuses to disclose its location to an officer charged with executing an order for its delivery, or, if such property is in his possession, willfully interferes with the officer charged with executing such writ, shall be guilty of a misdemeanor, and if convicted shall be subject to a fine of not more than One Thousand Dollars ($1,000.00) and imprisonment for a term of not more than six (6) months, or both; and, in addition to such criminal penalties, shall be liable to the plaintiff for double the amount of damage done to the property together with a reasonable attorney's fee to be fixed by the court, which damages and fee shall be deemed based on tortious conduct and enforceable accordingly.

shown by the appraisals obtained in July 1999. The Erikssons refused Jones's tender and the Muskogee court, also on February 7, 2000, denied Jones's motion for a storage lien and declared Jones to be the owner of the equipment because the Erikssons had refused Jones's tender.

¶ 9 On July 6, 2000, Jones filed an application to release the statement of judgment against her because the Erikssons had refused to accept her tender of the equipment to them. On July 17, 2000, the Erikssons filed a response to Jones's application to release statement of judgment. The Erikssons also moved that the matter be transferred to the District Court of Rogers County, claiming that the Muskogee court lacked venue and jurisdiction.

¶ 10 On August 3, 2000, the Muskogee court heard the motions of the parties and (1) denied Jones's application to release the statement of judgment, (2) denied the Erikssons' motion to settle the journal entry of judgment covering the February 7, 2000 hearing, and (3) granted the Erikssons' motion to transfer the matter to the District Court of Rogers County. Finally, the Muskogee court held, "The court further affirms that no alternative in personam judgment has ever been granted against the Defendant, Jo Jones, in this case . . ."

## DISCUSSION

### I.

*The trial court erred in holding that a criminal determination of Jones's liability under 12 O.S.1991 § 1571.1 was a prerequisite to civil liability under the statute.*

¶ 11 We see no requirement in 12 O.S.1991 § 1571.1 that criminal liability under its terms must be established as a prerequisite to the imposition of civil liability. The Supreme Court of Ohio reached the same conclusion in its construction of a remarkably similar statute in *Wooten v. Knisley,* 79 Ohio St.3d 282, 680 N.E.2d 1245 (Oh. 1997). The statute construed by the Ohio Supreme Court was Ohio Revised Code 901.51, which made unlawful the reckless cutting of trees, crops, or other vegetation on

the lands of another or on public lands. The Statute also provided,

In addition to the [criminal] penalty provided in 901.99 of the Revised Code, whoever violates this section is liable in treble damages for the injury caused.

680 N.E.2d at 1247. After reciting the foregoing language from the statute, the Ohio court concluded that the quoted language,

. . . clearly does *not* say that the right to civil treble damages is conditioned upon a criminal conviction or the imposition of a criminal penalty authorized by R.C. 901.99. Therefore, in our judgment, an interpretation of R.C. 901.51 requiring a criminal conviction as a necessary precondition to an award of civil damages reads requirements into that statute that do not otherwise exist.

[Emphasis as in the original.] 680 N.E.2d at 1249–50.

¶ 12 We are struck by the remarkable similarity of the language of the Ohio statute ("In addition to the penalty") and our own statute, 12 O.S. § 1571.1 ("in addition to such criminal penalties"). We therefore adopt the reasoning the Ohio court used to construe the Ohio statute and hold that there is nothing in § 1571.1 to support Jones's claim that a criminal conviction is a prerequisite to an award of civil damages under it terms.

### II.

*The trial court correctly held that the Erikssons' claim was barred by the doctrine of issue preclusion with respect to that part of their claim that sought damages arising from Jones having moved the equipment from Muskogee County to Rogers County and having kept it there. The trial court erred, however, in holding that the doctrine of issue preclusion barred the Erikssons claim for damages arising from Jones's refusal to surrender the equipment to the Sheriff of Rogers County.*

¶ 13 It is undisputed that the Erikssons never sought money damages as compensation for the depreciation of the equipment in their Muskogee County replevin action. It is

also undisputed that the Erikssons knew that Jones had moved the equipment, on July 25, 1997, which was more than a year before the court entered judgment in the Muskogee County replevin action on November 23, 1998. Nevertheless, the Erikssons made no attempt in their Muskogee County action to assert any claim against Jones for having moved the equipment to Rogers County and having kept it there. Instead, the Erikssons acquiesced in the Muskogee County replevin judgment by allowing it to become final, although the judgment had required only that Jones surrender the property.

¶ 14 Under the doctrine of claim preclusion, "*a final judgment on the merits of an action precludes the parties from relitigating not only the adjudicated claim but also any theories or issues that were actually decided, or could have been decided, in that action.*" *National Diversified Business Services, Inc. v. Corporate Financial Opportunities, Inc.*, 1997 OK 36 ¶ 12, 946 P.2d 662, 667. [Emphasis as in the original.] There is a limitation to the rule, however. The doctrine does not apply in cases where a party in a later case asserts a claim that was not yet available to him in earlier litigation between the parties. See *Miller v. Miller*, 1998 OK 24 ¶¶ 20–24, 956 P.2d 887. Based on our analysis of these authorities, we hold that the Erikssons claim for damages that may have accrued before Jones was served by the Rogers County Sheriff are barred by the doctrine of issue preclusion. But the Erikssons claim for damages arising from Jones's refusal to turn over the equipment to the Sheriff of Rogers County is not barred.

¶ 15 It is undisputed that the value of the emu processing equipment dropped from more than $20,000.00 when J.C. Meat Processing bought it to no more than $1,000.00, when Jones had it appraised in July 1999. Whether this depreciation was the result of ordinary wear and tear, the collapse of the emu market, the manner in which Jones stored it, or some combination of factors was never litigated. It could have been, however. The plaintiff in a replevin

action has a right to prove the value of the property at issue and to obtain judgment for the value of the property in case delivery cannot be had. "In an action in replevin, it is error to render judgment in favor of the plaintiffs for a sum certain as the value of the property in controversy, in case delivery thereof cannot be had, where there is no evidence adduced at the trial tending to show value." *Rucker v. Campbell*, 1935 OK 609 ¶ 36, 45 P.2d 455, quoting from *Gross v. Lincoln*, 1921 OK 110, 196 P. 960. In the absence of proof of value, plaintiff's right is limited to a right of recovery of the property. Thus, any damages to which the Erikssons may be entitled in their Rogers County action must be measured by the value of the equipment at the time the writ of replevin was served on Jones. The Erikssons could have sought damages in the Muskogee County replevin action for any depreciation in the value of the equipment at any time between the date they filed their suit and the date judgment was entered but they did not do so. This being so, we hold that their claim for these damages is barred.

¶ 16 Jones's refusal to allow the Rogers County Sheriff to execute the writ of replevin gave rise to a new cause of action, however, which arose in Rogers County. This cause of action did not arise until long after the Muskogee County replevin action had become final. Thus, the Erikssons' Rogers County action seeking damages against Jones under 12 O.S.1991 § 1571.1 (note 1) was not barred by the doctrine of issue preclusion. Nevertheless, for the reasons previously discussed, we hold that the Erikssons damages must be limited to the depreciation, if any, to the equipment caused by Jones's failure to surrender the equipment to the Rogers County Sheriff.[2]

¶ 17 Finally, we note that Jones's claim for storage charges being paid as a precondition to relinquishing possession of the equipment is without merit. It appears that Jones held the equipment as the agent, servant, or employee of J.C. Meat Process-

---

2. Any damages awarded would be subject to doubling and an attorney's fee under the terms of § 1571.1.

ing, not as the agent of the Erikssons. Any right to a storage lien to which Jones might have been entitled could have been no greater than a storage lien to which J.C. Meat Processing might have been entitled. *Haggard v. Sunray Oil Co.*, 1936 OK 166 ¶¶ 26–27, 54 P.2d 662. It is immediately apparent that J.C. Meat Processing had no right to a storage lien as it was obliged to return the equipment to the Erikssons upon default. Thus, Jones had no right to a storage lien, either.

## SUMMARY

¶ 18 The imposition of a criminal penalty is not a prerequisite to seeking civil damages under 12 O.S.1991 § 1571.1. Consequently, the fact that Jones was not convicted of a crime as a result of violation of § 1571.1 does not bar the Erikssons' suit for civil damages under the statute.

¶ 19 The Erikssons are barred by the doctrine of issue preclusion from asserting a claim for damages against Jones for any depreciation to the emu processing equipment that accrued prior to Jones's refusal to relinquish the equipment to the Sheriff of Rogers County on March 20, 1999. Nevertheless, the Erikssons' claim under § 1571.1 for double damages for depreciation to the equipment after March 20, 1999, if any, and an attorney's fee if damages are awarded, is not barred. Further, Jones's claim that she was entitled to a storage lien against the equipment is without merit.

¶ 20 HARGRAVE, C.J., WATT, V.C.J., HODGES, SUMMERS, BOUDREAU, and WINCHESTER, JJ., concur.

¶ 21 KAUGER, J., concurs in part.

¶ 22 LAVENDER and OPALA, JJ., concur in part, dissent in part.