DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Common Pleas Court judgment in favor of Gary and Gladys Spurlock, plaintiffs below and appellants herein, on their claims against James and Barbara Douglas, defendants below and appellees herein. The following errors are assigned for our review:
First assignment of error:
 {¶ 2} "The trial court erred in declining to treble the damages awarded plaintiffs for the cutting of their timber during the trespass of defendants."
Second assignment of error:
 {¶ 3} "The trial court erred in declining to award plaintiffs their attorney fees."
Third assignment of error:
 {¶ 4} "The trial court erred and abused its discretion in awarding defendant the trees felled during their trespass."
 {¶ 5} A brief summary of the facts pertinent to this appeal is as follows. The parties are contiguous land owners in rural Perry Township of Lawrence County. Several years ago, appellees hired a company to harvest timber from what they believed to be their property.[1]
 {¶ 6} Appellants filed the action below on July 7, 2000 and alleged that appellees trespassed and wrongfully removed timber. They asked for (1) judgment quieting title to the property in their name; (2) compensatory damages of $25,000 (which amount they asked to be trebled pursuant to law); (3) punitive damages; and (4) attorney fees. Appellees denied liability and asserted that the timber was removed from their own property. Appellees also filed a counterclaim and alleged that a fence set the boundary between the two properties and that, even if this fence did not demarcate the technical boundary, they had acquired title to the property through adverse possession. Appellees further alleged slander of title and requested compensatory and punitive damages. Appellants denied any liability on the counterclaim.
 {¶ 7} A magistrate conducted a hearing on October 22, 2001. Surveyor Lawrence Murphy testified that his company surveyed appellants' property in 1997 and located the actual boundary line between their land and appellees' land. Though the witness opined that the surveyed land appeared to have been "timbered," he did not precisely locate the area from which appellees allegedly cut the trees or expressly identify that area as located on appellants' land. Appellant Gary Spurlock, however, drew a circle on the survey to locate the area from which appellees took the timber as being on his side of the boundary line. Forestry expert Gerald Greenwood, valued the timber taken from appellants' property at $2,377.44.
 {¶ 8} Appellee James Douglas did not deny that he authorized the removal of the trees, but claimed that the timber stood on his side of the boundary. He testified that, regardless of the survey, the boundary between these two properties had long been regarded to be a fence line. This testimony was corroborated by his two sons and by Ron Brammer. Brammer is familiar with both properties and stated that he had believed for years that the fence line constituted the boundary. The evidence was uncontroverted that the felled trees were located on the east side of the fence line (which appellees' believed to be their property).
 {¶ 9} At the conclusion of the hearing, the magistrate announced his ruling in favor of appellants. The magistrate concluded that the Murphy survey established the true boundary line between the two properties. In addition, while appellees truly believed that the fence line established the boundary, the magistrate indicated that that belief was erroneous and that they did not establish the elements of adverse possession. The magistrate concluded that appellants should be awarded $2,377.44 in compensatory damages, but no treble damages, punitive damages or attorney fees. A magistrate's report and recommendation was filed November 13, 2001.
 {¶ 10} Both sides objected to the magistrate's report and recommendations. For our purposes, however, we need only address appellants' objections which alleged that the magistrate erred by not awarding attorney fees and treble damages. The matter came on for hearing and, on February 13, 2002, the trial court overruled the objections and adopted the magistrate's findings. The court held that, based upon the entire testimony in the transcript, the request for treble damages and attorney fees was "not well taken." The trial court filed its final judgment entry on June 11, 2002, and awarded appellants $2,377.44 in compensatory damages. In addition, the court ordered appellants to give appellees reasonable access to the property so that appellees could remove the rest of the timber they had previously cut.[2] This appeal followed.
 I {¶ 11} Appellants argue in their first assignment of error that the trial court erred when it refused to treble the compensatory damages. Their argument is based on R.C. 901.51, which states:
 {¶ 12} "No person, without privilege to do so, shall recklessly cut down, destroy, girdle, or otherwise injure a vine, bush, shrub, sapling, tree, or crop standing or growing on the land of another or upon public land.
 {¶ 13} In addition to the penalty provided in section 901.99 of the Revised Code, whoever violates this section is liable in trebledamages for the injury caused." (Emphasis added.)
 {¶ 14} Thus, pursuant to this statute, a person who cuts timber on another's property is liable for treble damages if that person behaves recklessly. "Reckless," for purposes of this statute, carries the same meaning as provided in R.C. 2901.22(C). Wooten v. Knisely (1997),79 Ohio St.3d 282, 290, 680 N.E.2d 1245. Thus, "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).
 {¶ 15} The pertinent question in the case sub judice is whether appellees perversely disregarded a known risk and acted with heedless indifference to the consequences of their actions. Both the magistrate and the trial court determined that they did not. We find no error in that determination. Considerable evidence established that appellees acted under the mistaken belief that a fence line marked the boundary between the properties. Not only did appellee James Douglas testify to that effect, but so did his two sons and Mr. Brammer.
 {¶ 16} We recognize that the evidence reveals that appellants confronted appellees with the survey prior to appellees cutting down the trees. However, the survey and legal descriptions of these properties do not appear to clearly pinpoint the boundary line of that survey and relate it to the actual wooded area of the acreage in question. This is particularly true in light of the appellees long held misperception that the fence marked the boundary line.
 {¶ 17} There is no question that appellees committed a tort and are civilly liable for their actions. It is another matter entirely, however, whether appellees acted "recklessly" and are liable for treble damages under R.C. 901.51. We review a trial court's determination of "recklessness" and its decision to award treble damages pursuant to that statute under a "manifest weight of the evidence" standard. See e.g. ALHProperties, P.L.L. v. ProCare Automotive Service Solutions, L.L.C.,
Summit App. No. 20991, 2002-Ohio-4246, ¶ 12-21; Henderson v.Bowersock (Dec. 17, 1996), Columbiana App. No. 94-C-71. We note that judgments supported by some competent credible evidence going to all essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Shemo v. MayfieldHts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018; Vogel v. Wells
(1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154; C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus. This standard is highly deferential, and even "some" evidence is sufficient to sustain the judgment and prevent a reversal. Barkley v.Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989; Willman v.Cole, Adams App. No. 01CA25, 2002-Ohio-3596, at ¶ 24; Simms v.Heskett (Sep. 18, 2000), Athens App. No. 00CA20. Moreover, the weight of the evidence and the credibility of the witnesses are issues to be determined by the trier of fact. Cole v. Complete Auto Transit, Inc.
(1997), 119 Ohio App.3d 771, 777-778, 696 N.E.2d 289; GTE TelephoneOperations v. J H Reinforcing Structural Erectors, Inc., Scioto App. No. 01CA2808, 2002-Ohio-2553, at ¶ 10; Reed v. Smith
(Mar. 14, 2001), Pike App. No. 00CA650. The underlying rationale for this is that the trier of fact is better able than an appellate court to view the witnesses and observe their demeanor, gestures, and voice inflections and use those observations in weighing credibility. Myers v. Garson
(1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742; Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Thus, the trier of fact is free to believe all, part or none of the testimony of any witness who appeared before it. Rogers v. Hill (1998), 124 Ohio App.3d 468,470, 706 N.E.2d 438; Stewart v. B.F. Goodrich Co. (1993),89 Ohio App.3d 35, 42, 623 N.E.2d 591; also see State v. Nichols (1993),85 Ohio App.3d 65, 76, 619 N.E.2d 80; State v. Harriston (1989),63 Ohio App.3d 58, 63, 577 N.E.2d 1144.
 {¶ 18} Both the magistrate and the trial court apparently found credible the appellees' explanation that they believed the fence constituted the boundary line between the two properties. This explanation was further supported by the testimony of Mr. Brammer. In light of that testimony, and when we consider that the magistrate was in a better position to observe the witnesses and to evaluate their testimony and their veracity, we find no error in the determination that appellees did not behave recklessly. Thus, we agree with the trial court's conclusion that treble damages were not warranted. Appellants' first assignment of error is accordingly overruled.
 II {¶ 19} In their second assignment of error, appellants assert that the trial court erred by not awarding attorney fees. We disagree.
 {¶ 20} As appellants correctly point out in their brief, attorney fees are recoverable in this context only if punitive damages are awarded. See, generally, Apel v. Katz (1998), 83 Ohio St.3d 11, 14,697 N.E.2d 600, at fn. 1 ("Attorney fees are potentially recoverable as a part of compensatory damages when punitive damages have been awarded.";Digital Analog Design Corp. v. North Supply Co. (1992),63 Ohio St.3d 657, 662, 590 N.E.2d 737 ("Without a finding of malice and the award of punitive damages, plaintiff cannot justify the award of attorney fees, unless there is a basis for sanctions under Civ.R. 11"); also see Fox v. Williams (May 28, 1996), Lawrence App. No. 95CA38. Thus, if no punitive damages are awarded, no attorney fees can be awarded.Dotson v. Village Reserve Development Co. (Jul. 14, 1999), Lorain App. No. 98CA7066.
 {¶ 21} In the case sub judice, the trial court awarded compensatory damages, but did not award punitive damages. Appellants did not object to the magistrate's refusal to award punitive damages nor have they raised that issue on appeal. Therefore, attorney fees are not recoverable.
 {¶ 22} We parenthetically note that the trial court would have been justified in not awarding punitive damages for the same reason that it did not favor trebling the compensatory damages. Appellees apparently operated under a mistaken good-faith belief that the fence line marked the boundary. For the same reason that the trial court found that appellees did not behave recklessly, it could also have concluded that appellees did not act with the requisite malice and, thus, did not justify a punitive damage award.
 {¶ 23} Accordingly, based upon the foregoing reasons we hereby overrule appellants' second assignment of error.
 III {¶ 24} In their third assignment of error, appellants assert that the trial court erred by ordering them to grant appellees access to the property in order to remove the remaining cut timber. We disagree.
 {¶ 25} The purpose of compensatory damages is to make the injured party whole, or in other words, to put the injured party in the position he or she would have been in had the injury not occurred. Allen v. Allen
(Mar. 15, 2002), Trumbull App. No. 2000-T-0137; Johnson v. Weiss Furs
(Feb. 24, 2000), Cuyahoga App. No. 76680; Lewis v. Sea World, Inc. (Mar. 26, 1993), Portage App. No. 91-P-2310.
 {¶ 26} Appellants' own expert valued the lost timber at $2,377.44. This is the amount of compensatory damages that the court awarded. To award appellants the full amount of damages they requested, and then to allow appellants to keep some of the trees for which they were to receive compensation does, in our view, amount to double recovery which is a windfall not contemplated by the law of compensatory damages.
 {¶ 27} Appellants assert in their brief that to allow appellees to retain "the fruits of their trespass" is analogous to allowing "a pick-pocket" to keep the contents of his victim's wallet. We are not persuaded. This case is a civil action. Appellants are entitled to be made whole and their own expert testified that $2,377.44 was necessary to put them back in the position they would have been in had appellees not wrongfully harvested their trees. Appellants are not entitled to receive more than this amount.
 {¶ 28} For these reasons, we find no merit in appellant's third assignment of error, and it is, accordingly, overruled.
 {¶ 29} Having considered all errors assigned and argued in the brief, and after finding merit in none of them, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] The date the trees were felled is unclear from the record. Appellants do not allege a precise date in their complaint. Gary Spurlock testified that it occurred "approximately three (3) years" before the hearing held October 21, 2001. The magistrate, on the other hand, concluded that the trees were felled "[s]hortly before the inception of this lawsuit" which was filed in the summer of 2000.
[2] Shortly after appellees cut down the trees, an injunction prevented any further entry into that area. This injunction apparently prevented appellees from removing several of the trees they had already cut.