OPINION
{¶ 1} Defendants-appellants, Mahoning Valley Timber Land Co., et al., appeal a decision of the Mahoning County Common Pleas Court awarding treble damages for damage done to the property of plaintiff-appellee, Ishan Judeh.
 {¶ 2} Plaintiff-appellee, Ishan Judeh (Judeh), and Gene Pyles (Pyles) own adjoining pieces of land in Mahoning County, Ohio, portions of which are wooded. Defendant-appellant, Cameron Klinck (Klinck), a logger, contracted with Pyles to remove timber from Pyles land Pyles described the location of the property line dividing his and Judeh's land Klinck removed trees from Pyles land as arranged, but also removed tress from a substantial portion of Judeh's land
 {¶ 3} On January 27, 2000, Judeh filed suit against defendants-appellants, Mahoning Valley Timber Land Co., Cameron Klinck d.b.a. Mahoning Valley Timber Land Co. and individually (collectively referred to as MVTLC). Judeh's complaint set forth claims sounding in trespass, conversion, and wrongful taking of timber from Judeh's land The case proceeded to a trial before a magistrate. On February 5, 2003, the magistrate awarded Judeh $6,000.00 representing the stumpage value of the trees removed from his property. The magistrate also trebeled the damages to $18,000.00 finding that Klinck had been reckless in removing the trees from Judeh's property. MVTLC filed objections to the magistrate's decision on February 14, 2003, and Judeh responded on February 25, 2003. On June 30, 2003, the trial court overruled MVTLC's objections. This appeal followed.
 {¶ 4} MVTLC's sole assignment of error states:
 {¶ 5} "The trial court erred in granting plaintiff treble damages for recklessly removing timber from plaintiff's land under R.C. § 901.51."
 {¶ 6} R.C. 901.51 provides:
 {¶ 7} "No person, without privilege to do so, shall recklessly cut down, destroy, girdle, or otherwise injure a vine, bush, shrub, sapling, tree, or crop standing or growing on the land of another or upon public land
 {¶ 8} "In addition to the penalty provided in section 901.99
of the Revised Code, whoever violates this section is liable in treble damages for the injury caused."
 {¶ 9} A trial court's determination of recklessness and its decision to award treble damages pursuant to that statute are reviewed under a manifest weight of the evidence standard.Henderson v. Bowersock (Dec. 17, 1996), 7th Dist. No. 94-C-71. See, also, Spurlock v. Douglas, 4th Dist. No. 02CA19, 2003-Ohio-570, ¶ 17; ALH Properties v. ProCare AutomotiveServ., 9th Dist. No. 20991, 2002-Ohio-4246. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. See, also, Gerijo, Inc. v.Fairfield (1994), 70 Ohio St.3d 223, 226, 638 N.E.2d 533. The court "must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts." Gerijo,70 Ohio St.3d at 226, 638 N.E.2d 533 (citing Seasons Coal Co., Inc. v.Cleveland [1984], 10 Ohio St.3d 77, 10 OBR 408,461 N.E.2d 1273). "In the event the evidence is susceptible to more than one interpretation, [the court] must construe it consistently with the lower court's judgment." Id. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co.,10 Ohio St.3d at 80, 10 OBR 408, 461 N.E.2d 1273.
 {¶ 10} In Wooten v. Knisley (1997), 79 Ohio St.3d 282,289-290, 680 N.E.2d 1245, the Ohio Supreme Court held that "the term `recklessly,' as that term is used in R.C. 901.51, has the same meaning in a civil claim for treble damages under R.C.901.51 as it does in a criminal proceeding involving a violation of that statute. Specifically, the term `recklessly,' as it is used in R.C. 901.51, is defined in R.C. 2901.22(C)." R.C.2901.22(C) provides:
 {¶ 11} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 12} MVTLC argues that it was not reckless in cutting down Judeh's trees. To illustrate, MVTLC highlights other cases in which there was a finding of recklessness and attempts to contrast this case with those. In those cases, MVTLC argues that there was something more than negligence, some aggravating factor which turned a negligent mistake into a reckless act. MVTLC maintains that each of those cases included specific knowledge on the part of the defendant that a trespass was imminent.[1]
 {¶ 13} In this case, there was evidence to suggest that MVTLC, specifically Klinck, had knowledge of the property boundaries. Pyles told Klinck about the boundary line between his and Judeh's property. The boundary line was clearly visible by virtue of a tree line which extended 416 feet from south to north between their property. Klinck acknowledged that he was aware approximately where the boundary line was located. Klinck had maps of the property and told Pyles he had walked the boundary line. Although he did not have the land surveyed, Klinck acknowledged that it was good business to survey the area of property to be logged and that he utilized a surveyor 98% of the time. Klinck has been in the timber business for over thirty years and was aware of the risks in failing to survey the property. In addition, the sheer magnitude of the trespass, approximately 2-3 acres, is further evidence of recklessness. In sum, the magistrate had before him competent, credible evidence to establish recklessness.
 {¶ 14} Accordingly, MVTLC's sole assignment of error is without merit.
 {¶ 15} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.
[1] MVTLC cites Wooten v. Knisley (1997), 79 Ohio St.3d 282,680 N.E.2d 1245; Hecker v. Greenleaf Village Dayton FinancialServices Corp. (Feb. 7, 1994), 12th Dist. No. CA93-05-041;Spurlock v. Douglas, 4th Dist. No. 02CA19, 2003-Ohio-570;Miller v. Jordan (1993), 87 Ohio App.3d 819, 623 N.E.2d 219;Coldsnow v. Hartshorne, 7th Dist. No. 01 CO 65, 2003-Ohio-1233;Henderson v. Bowersock (Dec. 17, 1996), 7th Dist. No. 94-C-71; and Johnson v. Hershberger (Sept. 29, 2000), 7th Dist. No. 99-CO-38.