The relator has been paid compensation for temporary total disability and for impairment of earning capacity. Is he now entitled to further compensation by reason of the ankylosis of all the fingers of his right hand?
The answer to this question concededly is found in the provisions of Section 1465-80, General Code, which read in part as follows:
"For ankylosis (total stiffness of) or contractures (due to scars or injuries) which makes any of the fingers, thumbs, or parts of either more than useless, the same number of weeks apply to such members or parts thereof as given above. * * *"
The difficulty arises by reason of the phrase "more than useless." What, if anything, does this language mean? The relator insists that the words "more than" should be disregarded as mere surplusage and meaningless. However, it is the duty of courts to accord meaning to each word of a leglislative enactment if it is reasonably possible so to do. It is to be presumed that each word in a statute was placed there for a purpose. But the relator urges that these words can serve no useful purpose for the reason that "useless" is an absolute term and hence does not lend itself to comparison. In other words, it is insisted that if a thing is useless it logically cannot be more than useless.
The respondent's answer to this reasoning is that, standing alone, the word useless is merely negative, while more than useless is an affirmative term meaning harmful or detrimental. For example, if only some of the fingers on the relator's hand were ankylosed they probably would, not only be useless but would also interfere with the use of the sound fingers.
If the phrase is to be accorded any significance, this would seem to be the logical explanation. But if the *Page 252 
words are mere surplusage and meaningless, the General Assembly can delete them by the simple legislative process of amendment — a thing this court can not do in the exercise of its judicial power.
Unfortunately for the relator the record discloses no evidence tending to show that the ankylosed fingers are not only useless but also constitute an interference with the use of the other parts of his hand.
Under these circumstances the judgment of the Court of Appeals must be affirmed again.
Judgment affirmed.
TURNER, MATTHIAS and HART, JJ., concur.
ZIMMERMAN and BELL, JJ., dissent.