CITY OF EAST LIVERPOOL, APPELLANT, *v.* COLUMBIANA
COUNTY BUDGET COMMISSION ET AL., APPELLEES.

[Cite as *E. Liverpool v. Columbiana Cty. Budget
Comm.,* 105 Ohio St.3d 410, 2005-Ohio-2283.]

(No. 2003–1003—Submitted January 19, 2005—Decided May 25, 2005.)

O'DONNELL, J.

{¶ 1} The city of East Liverpool challenges a Board of Tax Appeals' decision that determined that the Columbiana County Budget Commission had properly adopted and used an alternative formula for allocating the 2003 Undivided Local Government Fund ("ULGF") and Undivided Local Government Revenue Assistance Fund ("ULGRAF") dollars to the political subdivisions within Columbiana

County.[1] For the reasons that follow, we reject the city's challenge, and therefore we affirm the decision of the Board of Tax Appeals.

{¶ 2} On August 29 and August 30, 2002, Columbiana County and 26 political subdivisions in the county adopted resolutions approving an alternative formula for allocating 2003 ULGF and ULGRAF dollars to the county and to political subdivisions within the county. The next day, at a public meeting to consider adopting the proposed alternative formula, the budget commission determined that although East Liverpool had passed a resolution rejecting it, the necessary approvals for adopting the alternative formula had been secured from the county commissioners and a majority of the county's political subdivisions. Therefore, the budget commission unanimously adopted the proposed alternative formula.

{¶ 3} Following the budget commission's decision to adopt the alternative formula, East Liverpool appealed to the Board of Tax Appeals, which reviewed the record, concluded that all statutory requirements for adopting an alternative formula had been satisfied, and affirmed the county budget commission's decision. East Liverpool now appeals from the Board of Tax Appeals' decision and presents this matter to our court.

{¶ 4} East Liverpool presents three legal issues for our consideration: (1) whether the city had a right to notice and an opportunity to be heard at the meeting at which the county budget commission adopted the alternative formula, (2) whether the budget commission abused its discretion by not considering East Liverpool's financial needs before adopting the alternative formula, and (3) whether the General Assembly's 2002 amendments to R.C. 5747.53 and 5747.63 apply to 2003 ULGF and ULGRAF allocations. We answer the first two of these inquiries in the negative and the third in the affirmative.

{¶ 5} In reviewing a decision of the Board of Tax Appeals, we must determine whether the board's decision is reasonable and lawful, *Columbus City School Dist. Bd. of Edn. v. Zaino* (2001), 90 Ohio St.3d 496, 497, 739 N.E.2d 783, and we "will not hesitate to reverse a [Board of Tax Appeals'] decision that is based on an incorrect legal conclusion." *Gahanna–Jefferson Local School Dist. Bd. of Edn. v. Zaino* (2001), 93 Ohio St.3d 231, 232, 754 N.E.2d 789.

---

1. {¶ a} In *Reynoldsburg v. Licking Cty. Budget Comm.*, 104 Ohio St.3d 453, 2004–Ohio–6773, 820 N.E.2d 323, ¶ 12, we recently explained the nature of ULGF and ULGRAF funds:

{¶ b} "The ULGF and the ULGRAF are established by R.C. Chapter 5747 to provide state financial support to smaller governmental units in the state. *Lancaster v. Fairfield Cty. Budget Comm.* [1999], 86 Ohio St.3d 137, 712 N.E.2d 719. Monies for these funds are collected by the state from such taxes as the sales tax, use tax, dealer-in-intangibles tax, public utility tax, income tax, and the franchise tax for the financial support of local government units. See R.C. 5739.21, 5741.03, 5725.24, 5727.45, 5727.84, 5747.03, and 5733.12. The state disburses monies to each county and, in turn, the county's budget commission determines the amount to be distributed to each eligible local subdivision in the county."

{¶ 6} There are two methods of allocating ULGF and ULGRAF dollars to a county's political subdivisions: the statutory method specified in R.C. 5747.51 and 5747.62 and any alternative method adopted pursuant to R.C. 5747.53 and 5747.63 (the "alternative method").

{¶ 7} Concerning the first issue, whether a political subdivision must be given an opportunity to be heard when a county budget commission uses an alternative formula—rather than the statutory method—for allocating ULGF and ULGRAF dollars, East Liverpool argues that it had a right to be heard under oath prior to the budget commission's adoption of an alternative method. The Columbiana County Budget Commission, however, claims that when it adopted an alternative formula for allocating 2003 fund dollars, it only needed to verify that the necessary governmental units had approved the proposed alternative method before the statutory deadline and did not need to hear evidence of financial need. We agree with the commission.

{¶ 8} In construing statutory provisions, we have long recognized that we will apply the plain meaning of the statute. *State ex rel. Bohan v. Indus. Comm.* (1946), 147 Ohio St. 249, 251, 34 O.O. 151, 70 N.E.2d 888 ("it is the duty of courts to accord meaning to each word of a legislative enactment if it is reasonably possible to do so. It is to be presumed that each word in a statute was placed there for a purpose").

{¶ 9} The statutory method specified by R.C. 5747.51 and 5747.62 requires a county budget commission to afford political subdivisions an "opportunity to be heard, under oath," before allocating ULGF and ULGRAF dollars because those statutes contemplate a needs-based allocation.[2]

{¶ 10} The alternative method under R.C. 5747.53 and 5747.63, however, does not require the budget commission to afford political subdivisions an opportunity to be heard under oath before allocating ULGF and ULGRAF dollars, because those statutes only require the county board of commissioners and the appropriate political subdivisions to approve the alternative formula before it is adopted by the budget commission. Accordingly, when the commission and the county's

---

2. {¶ a} The statutory method for allocating ULGF and ULGRAF dollars is detailed in two virtually identical sections—R.C. 5747.51(B) for ULGF funds and 5747.62(B) for ULGRAF funds:

{¶ b} "The commission, after extending to the representatives of each subdivision an opportunity to be heard, under oath administered by any member of the commission, and considering all the facts and information presented to it by the auditor, shall determine the amount of the undivided local government fund [or undivided local government revenue assistance fund] needed by and to be apportioned to each subdivision for current operating expenses, as shown in the tax budget of the subdivision. This determination shall be made pursuant to [the method of allocation detailed in this statutory section, i.e., 'the statutory method'], *unless the commission has provided for [an alternative] formula pursuant to section 5747.53 [or 5747.63] of the Revised Code.*" (Emphasis added.)

political subdivisions have already approved an alternative formula, the statutes do not require the commission to provide a hearing prior to adopting an alternative formula.[3]

{¶ 11} The second issue before this court involves East Liverpool's contention that the county budget commission abused its discretion when it adopted the alternative formula without considering East Liverpool's financial needs. Noting that this court has long upheld the use of alternative formulae for distributing ULGF and ULGRAF dollars, the commission argues that it properly followed the alternative method for allocating 2003 fund dollars to Columbiana County's political subdivisions. We agree.

{¶ 12} Prior to a 2002 amendment, the alternative method required the county's largest city to approve a proposed alternative formula before the county budget commission could adopt it and distribute the funds to the county's political subdivisions. Former R.C. 5747.53 and 5747.63, 1991 Am.Sub.H.B. No. 298, 144 Ohio Laws, Part III, 4475, and 1989 Am.Sub.H.B. No. 111, 143 Ohio Laws, Part II, 2636. That former system enabled Columbiana County's largest city, East Liverpool—with 12 percent of the county's population—to secure a higher percentage of the local government funds.

{¶ 13} Effective August 29, 2002, however, the General Assembly amended R.C. 5747.53 and 5747.63 to allow ULGF and ULGRAF money "to be distributed among subdivisions under an alternative apportionment scheme without the approval of the largest municipal corporation in the county." Title to 2002 Sub.H.B. No. 329. As explained by this court, pursuant to R.C. 5747.53(C) and 5747.63(C) as amended by that act, "the legislative authorities of two or more political subdivisions that together have the majority of the county's total population may now adopt resolutions eliminating the requirement that the legislative authority of the largest city of that county approve a[ ] ULGF or ULGRAF alternative apportionment method for the next year's distribution of funds." *State ex rel. Satow v. Gausse–Milliken*, 98 Ohio St.3d 479, 2003–Ohio–2074, 786 N.E.2d 1289, ¶ 6.[4] On August 28 and 29, 2002, 26 political subdivisions,

3. {¶ a} The alternative formula method for allocating ULGF and ULGRAF dollars is detailed in two virtually identical sections—R.C. 5747.53 for ULGF funds and 5747.63 for ULGRAF funds:

{¶ b} "In lieu of the [statutory] method of apportionment of [ULGF and ULGRAF dollars], the county budget commission may provide for the apportionment of the fund under an alternative method * * *, [which] shall have first been approved by" the county board of commissioners and the appropriate political subdivisions and adopted "not later than the first Monday of August of the year preceding the calendar year in which distributions are to be made under it."

4. This amendment applies only to counties in which (1) the largest city has a population of 20,000 or less and (2) that city's population is less than 15 percent of the county's total population. R.C. 5747.53(C) and 5747.63(C). Belmont, Clermont, Columbiana, Geauga, and Perry Counties are currently affected by the provision.

encompassing a majority of the county's population, passed resolutions to eliminate the requirement that East Liverpool approve the alternative formula.

{¶ 14} The budget commission's August 2002 alternative formula distributed local government funds among the county's political subdivisions in amounts related to each subdivision's share of the county's population. In particular, the formula first allocates 50 percent of the fund dollars to Columbiana County and $15,000 to each of the county's political subdivisions and to the county parks. The formula then distributes the remaining fund dollars among the county's political subdivisions in proportion to their populations.

{¶ 15} According to the Board of Tax Appeals, the Columbiana County Budget Commission adopted a "fair and impartial" alternative formula in August 2002. Since nothing contained in the record before us contradicts that conclusion, we agree that the budget commission did not abuse its discretion when it adopted an alternative formula for allocating 2003 ULGF and ULGRAF dollars.

{¶ 16} The third and final issue is whether the General Assembly's 2002 amendments to R.C. 5747.53 and 5747.63 applied to the budget commission's 2003 ULGF and ULGRAF allocations. East Liverpool claims that the 2002 statutory amendments did not become effective in time for the other political subdivisions to eliminate the requirement that it approve an alternative formula for 2003 and, therefore, that the budget commission improperly adopted the alternative formula on August 31, 2002. The Board of Tax Appeals rejected this argument.

{¶ 17} R.C. 5747.53(C) and 5747.63(C) set the same deadline—the first Monday in August—both for adoption of resolutions eliminating the requirement of approval by the county's largest city (first paragraph of subsection (C)) and for approval and adoption of alternative methods of apportionment (second paragraph). But for 2003 only, the General Assembly extended the time by which "an alternative method of apportionment may be adopted and approved" to September 2, 2002. Section 3(A) of 2002 Sub.H.B. No. 329, eff. August 29, 2002. East Liverpool contends that the extension is couched in terms that do not apply to resolutions eliminating the requirement of approval by the largest city. The county budget commission argues that the General Assembly used broad language intended to apply to both deadlines as part of an overall process for adopting alternative methods of apportionment. We agree with the budget commission. The General Assembly originally set the same deadline for both actions. As the Board of Tax Appeals pointed out, it is therefore reasonable to conclude that the General Assembly intended the single time extension in Section 3(A) to apply to all actions required to adopt an alternative method.

{¶ 18} For the foregoing reasons, the decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

---

John R. Varanese and Charles L. Payne, East Liverpool City Law Director, for appellant.

Roetzel & Andress and Stephen W. Funk; and Robert L. Herron, Columbiana County Prosecuting Attorney, for appellee Columbiana County Budget Commission.

Richard A. Horning, for appellees Columbiana County township trustees.