**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *A.S. v. J.W.*, Slip Opinion No. 2019-Ohio-2473.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-2473

A.S., APPELLEE, *v*. J.W., APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *A.S. v. J.W.,* Slip Opinion No. 2019-Ohio-2473.]

*Domestic relations—Child support—Annual gross income—Income from commissions earned by a parent is included under R.C. 3119.05(D) and therefore must be treated the same as income from bonuses and overtime when calculating a parent's total annual gross income—Court of appeals' judgment reversed.*

(No. 2018-0602—Submitted January 30, 2019—Decided June 25, 2019.)

APPEAL from the Court of Appeals for Lucas County,

No. L-17-1099, 2018-Ohio-1001.

_____

**DEWINE, J.**

**{¶ 1}** This case presents a question of statutory construction relevant to the calculation of child support. Under R.C. Chapter 3119, in order to set the amount of a child-support award, a court must calculate the annual income of each parent.

The issue here concerns the manner in which earnings from commissions figure into this calculation. The parties disagree about the proper construction of a statute, R.C. 3119.05(D), and, specifically, whether it prescribes how to calculate earnings from commissions. We conclude that this provision does cover commissions and that the courts below erred by failing to apply its mandatory terms.

## I. The statutory provision at issue: R.C. 3119.05(D)

{¶ 2} We will get to the facts shortly, but before doing so it is helpful to say something about R.C. 3119.05(D), the statutory provision upon whose construction the outcome of this case turns.[1]

{¶ 3} In order to determine a child-support award, a court must calculate the gross incomes of each parent. *See* R.C. 3119.021. R.C. 3119.05 contains a number of provisions relevant to the calculation of a parent's income and the determination of a child-support award. Among these is R.C. 3119.05(D).[2] That provision provides:

> (D) When the court * * * calculates the gross income of a parent, it shall include the lesser of the following as income from *overtime and bonuses*:
>
> (1) The yearly average of all *overtime, commissions, and bonuses* received during the three years immediately prior to the time when the person's child support obligation is being computed;

---

[1] Effective March 28, 2019, R.C. Chapter 3119 was amended by 2018 Am.Sub.H.B. 366. The bill amended, enacted, or repealed roughly 30 sections of this chapter, including some addressed herein. This opinion interprets and applies the version of R.C. Chapter 3119 applicable prior to H.B. 366's recent amendments.

[2] In one of the recent amendments to R.C. Chapter 3119, R.C. 3119.05(D) was modified by replacing the term "gross income" with "annual income."

> (2) The total *overtime, commissions, and bonuses* received during the year immediately prior to the time when the person's child support obligation is being computed.

(Emphasis added.)

{¶ 4} The reader will note that subsections (1) and (2) refer to "overtime, commissions, and bonuses" but the introductory language speaks only of "overtime and bonuses." What to make of this difference—and specifically whether R.C. 3119.05(D) applies to income earned from commissions—is the nub of this appeal. We will return to this question after we explain what happened below.

## II. The proceedings below

{¶ 5} In September 2015, A.S. ("Mother") filed a complaint against J.W. ("Father") asking the juvenile court to allocate parental rights and responsibilities and to establish a child-support award for their minor child. An evidentiary hearing was held in August 2016 to determine, among other matters, the incomes of the parties. Father testified that he had received a larger commission than usual that year based on the culmination of four years of work on a single account, but that such a commission was unlikely to recur. Following the hearing, the magistrate calculated the parties' relevant incomes as follows, including projected amounts for 2016:

|        | YEAR | INCOME    |
|--------|------|-----------|
|        | 2013 | $122,619  |
| Mother | 2014 | $132,147  |
|        | 2015 | $131,506  |

| | YEAR | SALARY | COMMISSIONS |
|---|---|---|---|
| | 2016 | $140,000 | |
| Father | 2013 | $90,000 | $85,280 |
| | 2014 | $90,000 | $246,332 |
| | 2015 | $90,000 | $212,898 |
| | 2016 | $94,000 | $368,794 |

{¶ 6} In September 2016, the magistrate awarded child support to Mother in different amounts covering two time periods. The magistrate ordered that Father pay past child support in the amount of $3,044.39 a month for the period from September 2015, when the complaint was filed, through the end of that year. The magistrate then increased the support award to $4,372.32 a month effective January 1, 2016, an amount intended to reflect the rise in Father's commissions during *that* calendar year. It is this second support amount that is at issue in this appeal.

{¶ 7} With respect to the second amount, the magistrate calculated Father's gross income for 2016 by averaging his 2014, 2015, and projected 2016 commissions and then adding the average yearly commission amount to his 2016 base salary. Practically speaking, including Father's unusually high 2016 commissions in the equation increased the total income attributable to him for that year and, consequently, resulted in a greater child-support obligation.

{¶ 8} Father objected to the magistrate's child-support determinations, asserting in part that the magistrate erred in including the projected 2016 commissions when calculating his gross income for that year. The juvenile court

overruled Father's objections and adopted the order of the magistrate, after making one unrelated modification.

{¶ 9} Father appealed the decision to the Sixth District Court of Appeals, arguing that pursuant to R.C. 3119.05(D), the trial court should have used his 2013, 2014, and 2015 commissions, and not his projected 2016 commissions, when calculating his annual income for 2016. He asserted that the plain language of R.C. 3119.05(D) requires the "overtime, commissions, and bonuses" calculation to be based on the lesser of (1) the average of what was received in the "three years immediately prior" or (2) the total from the "year immediately prior." In his view, since the larger 2016 commission award was received in 2016 and not in a year "immediately prior," it should not have been considered in calculating child support for 2016. Instead, Father argued, the magistrate should have used the commissions he earned from 2013 through 2015 when computing his average commissions.

{¶ 10} The Sixth District affirmed the judgment, concluding that commissions were not governed by R.C. 3119.05(D) at all, and therefore, the trial court did not err by including Father's projected 2016 commissions in its calculation of his gross annual income. 2018-Ohio-1001, ¶ 17. The court found dispositive the first clause of R.C. 3119.05(D), which provides: "When the court * * * calculates the gross income of a parent, it shall include the lesser of the following as income from overtime and bonuses." *Id*. at ¶ 13-15. As to the references to "commissions" in subsections (1) and (2), the court opined that "it appears the legislature mistakenly included commissions within subsections (1) and (2) of the statute." *Id*. at ¶ 15, fn. 1. It commented further, "The statute is clear in its aim to assist trial courts in fairly accounting an obligor's overtime and bonus[es] for purposes of determining gross income, and including commissions in the equation does not appear to advance that aim." *Id*.

{¶ 11} After finding that Father's commissions should not be included in the calculation under R.C. 3119.05(D), the Sixth District concluded that two other

statutory provisions, R.C. 3119.04(B) and 3119.05(H), gave the trial court the flexibility to calculate the support award the way it did. R.C. 3119.04(B) requires a court to determine an "obligor's child support obligation on a case-by-case basis" when the combined gross income of both parents is greater than $150,000 a year. R.C. 3119.05(H) provides that in calculating gross income, a court "when appropriate, may average income over a reasonable period of years."

{¶ 12} We accepted Father's appeal on the question of whether commissions are calculated in the same manner as overtime and bonuses for the purpose of determining gross income pursuant to R.C. 3119.05(D). *See* 153 Ohio St.3d 1441, 2018-Ohio-2834, 102 N.E.3d 499.

### III. The scope of R.C. 3119.05(D)

{¶ 13} With virtually no analysis, the court of appeals dismissed the inclusion of the word "commissions" in subsections (1) and (2) of R.C. 3119.05(D) as a legislative mistake. That was a mistake.

{¶ 14} A fundamental canon of statutory interpretation is the presumption that each word in a statute was included by the legislature for a reason. *See generally* Scalia & Garner, *Reading Law: The Interpretation of Legal Texts*, 174-179 (2012); *State ex rel. Bohan v. Indus. Comm.*, 147 Ohio St. 249, 251, 70 N.E.2d 888 (1946); R.C. 1.47(B). It is true that the use of the words "overtime and bonuses" in the first portion of R.C. 3119.05(D) seems inconsistent with the dual references to "overtime, commissions, and bonuses" in subsections (1) and (2). But "it is the duty of the court to give effect to the words used in a statute, not to delete words used or to insert words not used." *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 39-40, 741 N.E.2d 121 (2001), citing *Cleveland Elec. Illum. Co. v. Cleveland*, 37 Ohio St.3d 50, 524 N.E.2d 441 (1988), paragraph three of the syllabus. For a court to find that the legislature committed a drafting error, such an error "must be manifest beyond doubt * * *." *State ex rel. Fay v. Archibald*, 52 Ohio St. 1, 9, 38 N.E. 314 (1894).

**{¶ 15}** Our role is to apply the statute as it is written. *See Johnson v. Montgomery*, 151 Ohio St.3d 75, 2017-Ohio-7445, 86 N.E.3d 279, ¶ 15. R.C. 3119.05(D) plainly states that in calculating a parent's gross income, the court "*shall include * * * as income*" the lesser of the amounts reached under subsections (1) and (2). (Emphasis added.) The legislature's use of the word "shall" in R.C. 3119.05(D) indicates that the terms of the provision are mandatory. Both subsections include the word "commissions" in the requisite tabulation. Accordingly, R.C. 3119.05(D) applies to commissions.[3]

**{¶ 16}** After concluding that commissions are not included under R.C. 3119.05(D), the court of appeals looked to R.C. 3119.05(H) to support the trial court's income calculation. That provision establishes that when calculating gross income, "the court * * *, when appropriate, may average income over a reasonable period of years." R.C. 3119.05(H). It gives a court some flexibility in determining how to calculate gross income in the absence of a contrary directive. An example of an appropriate use of R.C. 3119.05(H) is when a parent's income is so unstable—perhaps due to periods of unemployment—that relying on the current year's employment income will not reflect the parent's actual ability to pay child support. In such a case, averaging income over a reasonable period of time could create a more accurate picture of the parent's financial means. But R.C. 3119.05(H)'s grant of flexibility to average income over a reasonable period of years does not displace R.C. 3119.05(D)'s specific guidance as to the calculation of income from commissions. The terms of R.C. 3119.05(D) are plainly mandatory.

**{¶ 17}** That R.C. 3119.05(H) cannot be employed to displace the binding terms of R.C. 3119.05(D) is made perfectly clear when one considers lines 1.a. and

---

[3] Indeed, the newly amended version of R.C. 3119.05(D) retains the word "commissions" in the text of subsections (1) and (2), undermining the court of appeals' supposition that its inclusion was a drafting error.

1.b. of the applicable child-support worksheet, which was codified in R.C. 3119.022.[4]

|  | | COLUMN I FATHER | COLUMN II MOTHER | COLUMN III COMBINED |
|---|---|---|---|---|
| **INCOME:** | | | | |
| 1a. | Annual gross income from employment or, when determined appropriate by the court or agency, average annual gross income from employment over a reasonable period of years (Exclude overtime and bonuses, self-employment income or commissions) | $_____ | $_____ | |
| 1b. | Amount of overtime, bonuses, and commissions. (Year 1 represents the most recent year) | | | |

|  | FATHER | MOTHER |
|---|---|---|
| Year 3 (three years ago) | $_____ | $_____ |
| Year 2 (two years ago) | $_____ | $_____ |
| Year 1 (last calendar year) | $_____ | $_____ |

**AVERAGE:** (Include in Column I and/or Column II the average of the three years or the year 1 amount, whichever is less, if there exists a reasonable expectation that the total earnings from overtime and/or bonuses during the current calendar year will meet or exceed the amount that is the lower of the average of the three years or the Year 1 amount. If, however, there exists a reasonable expectation that the total earnings from overtime/bonuses during the current calendar year will be less than the lower of the average of the three years or the Year 1 amount, include only the amount reasonably expected to be earned this year.)        $_____   $_____

Line 1.a. of the worksheet asks for either "[a]nnual gross income from employment" or "when determined appropriate by the court * * *, average annual gross income from employment over a reasonable period of years." R.C. 3119.022. This language mirrors that of R.C. 3119.05(H). But line 1.a. explicitly excludes income earned from overtime, bonuses, and commissions. R.C. 3119.022. Instead, the amount reflecting overtime, bonuses, and commissions is to be inserted in line 1.b. *Id.* Line 1.b. directs the court to use either the average of the previous three

---

[4] The amended version of R.C. 3119.022, effective March 28, 2019, repealed the version applicable here, which codified the specific terms of the worksheet. Instead, the current version of R.C. 3119.022 requires that the Department of Jobs and Family Services adopt its own standard child-support-worksheet forms to be used by all courts and agencies when calculating child-support obligations.

years or the amount from the previous year, whichever is less. *Id.* Line 1.b. echoes the language used in R.C. 3119.05(D) and expressly includes commissions. Thus, the worksheet makes evident that even when a court chooses to average income pursuant to R.C. 3119.05(H), overtime, bonuses, and commissions are excluded from this calculation. Rather, the court must apply the formula set forth in R.C. 3119.05(D) when calculating these specific sources of income.

{¶ 18} The court of appeals also relied on R.C. 3119.04(B), which requires the trial court to consider a parent's child-support obligation on a case-by-case basis when the parents' combined gross annual income exceeds $150,000, as it did in this case. But this provision deals with the establishment of the award, not with the court's calculation of a parent's gross income for a given year. R.C. 3119.04(B) simply grants the trial court discretion to make adjustments to the final child-support award based on "the needs and the standard of living of the children who are the subject of the child support order and of the parents," once the gross income of the parents has been established. In other words, the court must first calculate gross income using the methodology set forth in R.C. 3119.05(D). Once it has done that, it may make appropriate adjustments under R.C. 3119.04(B). But the court may not use R.C. 3119.04(B) to displace R.C. 3119.05(D)'s mandatory instructions for the treatment of overtime, bonuses, and commissions in the calculation of a parent's gross income.

{¶ 19} We therefore conclude that commissions are included within the terms of R.C. 3119.05(D) and must be calculated as provided in that section when determining a parent's annual gross income.

### IV. The trial court incorrectly calculated Father's income

{¶ 20} Having established the proper methodology, we turn to the award entered by the trial court. When confronted with income earned through overtime, bonuses, and commissions, R.C. 3119.05(D) instructs the court to use the lesser of the following two figures: "[t]he yearly average of all overtime, commissions, and

bonuses received during the three years immediately prior," R.C. 3119.05(D)(1), or "[t]he total overtime, commissions, and bonuses received during the year immediately prior," R.C. 3119.05(D)(2). Thus, the court must calculate both figures, determine which is lower, and insert that amount into line 1.b. of the child-support worksheet. That figure will ultimately be added to the annual gross income earned from employment, represented in line 1.a., and any other forms of income to determine the total annual gross income for the year. *See* R.C. 3119.022. The court must follow the statutory directives for calculating gross income before determining the appropriate child-support award based on that income.

{¶ 21} Here, the court averaged Father's commissions received during 2014 and 2015, and his projected commissions for 2016. It then added that figure to Father's 2016 salary to determine Father's total gross income for 2016. R.C. 3119.05(D)(1) directs the court to use the average of the commissions earned during the three years *prior* to the time that the child-support obligation is being computed. Thus, the magistrate deviated from the mandate of R.C. 3119.05(D)(1) by using the current year's projected commissions when calculating the average commissions to be included in Father's total annual gross income. Instead, the court should have used the average of the commissions earned during 2013, 2014, and 2015, or the commissions earned in 2015, whichever is lower. R.C. 3119.05(D).

{¶ 22} We therefore reverse the judgment of the appellate court and remand this case to the trial court to properly apply the terms of R.C. 3119.05(D) when calculating the amount of income from commissions to be included in Father's total annual gross income for the year 2016 and to adjust the child-support award to reflect the corrected income amount. Nothing in this mandate shall affect the trial court's continuing jurisdiction to make future modifications to the child-support order.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and KENNEDY, and FRENCH, JJ., concur.

FISCHER, J., concurs in judgment only.

STEWART, J., dissents, with an opinion joined by DONNELLY, J.

_____

**STEWART, J., dissenting.**

{¶ 23} I respectfully disagree with the majority's conclusion that when a court is determining "gross income," all commission income should be calculated in the manner that overtime and bonuses are calculated pursuant to R.C. 3119.05(D).[5]

{¶ 24} R.C. 3119.01(C)(7) defines "gross income" as "the total of all earned and unearned income from all sources during a calendar year, * * * and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D) of section 3119.05 * * *; commissions; royalties; tips; rents; dividends; severance pay; pensions; * * *." Thus, commissions plainly fall within the scope of annual earned income.

{¶ 25} R.C. 3119.05(D) provides:

When the court * * * calculates the gross income of a parent, it shall include the lesser of the following as *income from overtime and bonuses*:

(1) The yearly average of all overtime, commissions, and bonuses received during the three years immediately prior to the time when the person's child support obligation is being computed;

---

[5] Unless otherwise noted, this opinion interprets and applies the version of R.C. Chapter 3119 applicable prior to the recent amendments enacted by 2018 Am.Sub.H.B. No. 366, effective March 28, 2019.

(2) The total overtime, commissions, and bonuses received during the year immediately prior to the time when the person's child support obligation is being computed.

(Emphasis added.)

{¶ 26} Although the language in R.C. 3119.05(D) can be misleading if each paragraph is read in isolation, when the provision is read in its entirety, it is clear that subsections (1) and (2) refer to those commissions earned *from* bonus and overtime income. This reading of R.C. 3119.05(D) is further supported if it is read in the context of the definition of gross income in R.C. 3119.01(C)(7), which refers separately to commissions as income.

{¶ 27} I disagree with the court of appeals' observation, in a footnote, that the inclusion of "commissions" in subsections (1) and (2) of R.C. 3119.05(D) appears to have been a mistake by the legislature. 2018-Ohio-1001, ¶ 15, fn. 1. R.C. 3119.05(D) is applicable to a *specific subset* of commission income— commissions earned *from* overtime and bonuses; R.C. 3119.01(C)(7) encompasses both types of commission income. A person could earn a commission from overtime income or bonus income, and a person could earn commission as part of his annual earned income. Despite my disagreement, however, with the court of appeals' supposition in footnote one regarding a drafting error, that theory was not the holding of the case, and it should be treated as dicta, or, for what it is: a footnote.

{¶ 28} The majority opinion is correct that our role is to apply statutes as written. But the language of one statute must be interpreted in concert with the other statutes relating to the same subject matter. *State ex rel. Fockler v. Husted*, 150 Ohio St.3d 422, 2017-Ohio-224, 82 N.E.3d 1135, ¶ 13. " '[A]ll statutes which relate to the same general subject matter must be read *in pari materia*. And in reading such statutes *in pari materia*, and construing them together, this court must give such a reasonable construction as to give the proper force and effect to each

and all such statutes.' " *Id.*, quoting *Johnson's Mkts., Inc. v. New Carlisle Dept. of Health*, 58 Ohio St.3d 28, 35, 567 N.E.2d 1018 (1991). These statutes can be interpreted in concert with each other.

{¶ 29} Commissions should not be treated as overtime or bonus income when those commissions were not earned as overtime or bonus income. *See Poling v. Poling*, 10th Dist. Franklin No. 13AP-189, 2013-Ohio-5141, ¶ 13 (rejecting obligor's argument that the trial court should have treated his commissions as overtime or bonus income under R.C. 3119.05(D), when the income earned by the obligor was "purely commissions").

{¶ 30} Although line 1.a. of the R.C. 3119.022 child-support worksheet plainly excludes commissions, and line 1.b. plainly includes commissions in the three-year-average calculation, I do not share the majority's view that the child-support worksheet renders its interpretation perfectly clear. Majority opinion at ¶ 17. There is no way to get around the fact that R.C. 3119.01(C)(7) expressly includes "commissions"—separate and apart from "overtime pay" and "bonuses"—in the definition of gross income. Likewise, there is no way to get around the fact that R.C. 3119.05(D) applies to commissions earned as overtime or bonus income. Because the child-support worksheet, which is codified in R.C. 3119.022, does not distinguish between the two types of commissions—those earned generally versus those earned as overtime or bonus income and encompassed by R.C. 3119.05(D)—the worksheet creates more questions than answers. Perhaps that is why the Ohio General Assembly recently amended R.C. 3119.022 and delegated the task of creating the child-support worksheet to the director of the Ohio Department of Job and Family Services. *See* 2018 Am.Sub.H.B. No. 366, effective Mar. 28, 2019.

{¶ 31} Without explaining why, the majority has decided that all commission income should be treated in the same manner. I disagree. In calculating gross income, commissions earned from bonus or overtime income

should be calculated pursuant to R.C. 3119.05(D); all other commissions should be treated generally as earned income pursuant to R.C. 3119.01(C)(7). I would affirm the judgment of the court of appeals. Because R.C. 3119.05(D) does not apply in this case, the trial court did not abuse its discretion when it included J.W.'s 2016 commission in the three-year calculation of his income under R.C. 3119.05(H).

DONNELLY, J., concurs in the foregoing opinion.

_____

Julianne Renee Krell Pickard and Jay E. Feldstein, for appellee.

Jeffrey P. Nunnari, for appellant.

_____